**IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

---

NO. 23-1747

---

**ANDREW MORGAN**

*Plaintiff / Appellant,*

vs.

**ALLISON CRANE & RIGGING LLC**

*Defendant / Appellee.*

---

**BRIEF OF APPELLEE ALLISON CRANE & RIGGING LLC**

---

On appeal from the Final Order of Judgment in the United States District Court for the Middle District of Pennsylvania on April 18, 2023, at No. 21-cv-00533-MWB

---

BUCHANAN INGERSOLL & ROONEY PC
Paul S. Mazeski
501 Grant Street, Suite 200
Pittsburgh, PA 15219
(T) 412-562-1041
paul.mazeski@bipc.com
*Counsel for Appellee, Allison Crane & Rigging LLC*

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

STATEMENT OF JURISDICTION.............................................................................1

STATEMENT OF ISSUES .................................................................................2

COUNTER STATEMENT OF CASE ...................................................................4

    A.    Appellant is hired by Allison Crane.......................................................4

    B.    Appellant allegedly suffers an injury. ..................................................4

    C.    The October 7, 2020 Meeting. ..............................................................6

    D.    Allison Crane Complies with the Light Duty Restrictions, Appellant Violates Company Policy and is Terminated......................6

    E.    Appellant Never Pursued a Worker's Compensation Claim. ...............8

    F.    Appellant Is Fully Recovered From His Injury. ..................................8

    G.    The District Court Correctly Dismissed Appellant's Claims. ..............9

SUMMARY OF ARGUMENT ............................................................................11

ARGUMENT ......................................................................................................13

    A.    The District Court Correctly Ruled that Appellant Failed to Establish the Presence of an "Actual" Disability Within the Meaning of the ADA and PHRA. ......................................................14

          i.    Appellant failed to proffer enough evidence to establish he had an actual disability.........................................................15

          ii.    Appellant failed to establish that his temporary injury was sufficiently severe to be a "disability."..............................22

               1.    The ADA Amendments of 2008 do not foreclose a district court from considering the duration of an injury when assessing whether it was substantially limiting..........................................................................23

2. The District Court correctly relied on controlling precedent and is in good company with many other decisions from other district courts in this Circuit (and elsewhere). ................................................................25

B. The District Court Correctly Ruled that Appellant Failed to Establish That he Was "Regarded As" Disabled Within the Meaning of the ADA and PHRA. ......................................................29

C. The District Court Correctly Ruled that Appellant Failed to Establish That Allison Crane Did Not Accommodate Him. ...............33

D. The District Court Correctly Ruled that Appellant Failed to Establish His *Prima Facie* Case for Wrongful Discharge. .................36

E. Appellant Did Not State a Separate Claim for Retaliation; In Any Event, His Retaliation Claim Fails With His Failure to Accommodate Claim. ...........................................................................41

CONCLUSION ....................................................................................................43

REQUEST FOR ORAL ARGUMENT ..................................................................44

CERTIFICATE OF WORD COUNT ....................................................................45

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Adams v. Pennsylvania,
 No. 6-2154, 2009 WL 2707601 (M.D. Pa. Aug. 25, 2009)................................14

Anderson v. Liberty Lobby, Inc.,
 477 U.S. 242, 248 (1986)............................................................................13, 14

Bangura v. Pennsylvania,
 793 F. App'x 142 (3d Cir. 2019) .......................................................................23

Batmat v. Glenn O. Hawbaker, Inc.,
 No. 4:18-CV-01898, 2019 WL 3387660, at *2 (M.D. Pa. July 26, 2019)...37, 39

Bouriez v. Carnegie Mellon Univ.,
 No. 02-2104, 2005 WL 2106582 (W.D. Pa. Aug. 26, 2005) .............................21

Brearey v. Brennan,
 No. 17-CV-2108, 2019 WL 111037 (E.D. Pa. Jan. 4, 2019) ................16, 20, 26

Budhun v. Reading Hosp. & Med. Ctr.,
 No. CIV. 10-6921, 2011 WL 2746009 (E.D. Pa. July 14, 2011) ......................27

Bush v. Donahue,
 964 F. Supp. 2d 401 (W.D. Pa. 2013)................................................................26

Camden Cnty. Bd. of Chosen Freeholders v. Beretta, U.S.A. Corp.,
 273 F.3d 536 (3d Cir. 2001) ..............................................................................38

Capps v. Modelez Global, LLC,
 847 F.3d 144 (3d Cir. 2017) ..............................................................................33

Celotex Corp. v. Catrett,
 477 U.S. 317 (1986)...........................................................................................14

Conard v. Pennsylvania State Police,
 No. 20-3644, 2022 WL 58543 (3d Cir. Jan. 6, 2022) (unpublished) ................21

Cotz v. Mastroeni,
 476 F. Supp. 2d 332 (S.D.N.Y. 2007) ...............................................................18

Daley v. Cablevision Sys. Corp.,
    2016 WL 880203 (S.D.N.Y. Mar. 7, 2016) .........................................................42

Donovan v. A-Valley Engineers, Inc.,
    No. 1:17-CV-04011, 2020 WL 5422809 (D.N.J. Sept. 10, 2020) ...............39, 40

Ellis v. Westinghouse Elec. Co., LLC,
    11 F.4th 221 (3d Cir. 2021) ................................................................................13

Eshelman v. Patrick Indus.,
    961 F.3d 242 (3d Cir. 2020) .........................................................................30, 31

Fischbach v. Cmty. Mercy Health Partners,
    No. 3:11CV00016, 2012 WL 4483220 (S.D. Ohio Sept. 27, 2012) .................27

Gardner v. SEPTA,
    410 F. Supp. 3d 723 (E.D. Pa. 2019) .................................................................42

Gaul v. Lucent Tech., Inc.,
    134 F.3d 576, 580 (3d Cir. 1998) .......................................................................15

Gavurnik v. Home Props., LP,
    227 F. Supp. 3d 410 (E.D. Pa. 2017) .................................................................30

Geary v. U.S. Steel Corp.,
    319 A.2d 174 (Pa. 1974) .....................................................................................37

Hamilton v. Westchester Cnty.,
    3 F.4th 86 (2d Cir. 2021) ....................................................................................25

Hlinka v. Bethlehem Steel Corp.,
    863 F.2d 279 (3d Cir. 1988) ...............................................................................21

Hofacker v. Wells Fargo Nat'l Bank Ass'n,
    179 F. Supp. 3d 463 (E.D. Pa. 2016) .................................................................35

J.F. Feeser, Inc. v. Serv-A-Portion, Inc.,
    909 F.2d 1524 (3d Cir. 1990) ........................................................................21, 22

Larochelle v. Wilmac Corp.,
    No. 17-3349, 2019 WL 1769077 (3d Cir. 2019) .....................................37, 39, 40

Laurel Gardens, LLC v. Mckenna,
   948 F.3d 105 (3d Cir. 2020) .................................................................34

Law v. Garden State Tanning,
   159 F. Supp. 2d 787 (E.D. Pa. 2001)...................................................14

Macfarlan v. Ivy Hill SNF, LLC,
   675 F.3d 266 (3d Cir. 2012) ........................................................*passim*

Malzberg v. N.Y. Univ.,
   No. 19-CV-10048 (LJL), 2022 WL 889240 (S.D.N.Y. Mar. 25, 2022) ......19, 20

Marinelli v. City of Erie, Pa.,
   216 F.3d 354 (3d Cir. 2000) .........................................................17, 18

Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,
   475 U.S. 574 (1986)...............................................................................13

McDonnell Douglas Corp. v. Green,
   411 U.S. 792 (1973)........................................................................14, 15

Missick v. City of New York,
   707 F. Supp. 2d 336 (E.D.N.Y. 2010) ..................................................42

Nagle v. Comprehensive Women's Health Servs., P.C.,
   No. 3:15-CV-0042, 2018 WL 1473833 (M.D. Pa. Jan. 19, 2018) .........18, 19, 20

O'Donnell v. King B 100, LLC,
   No. 1:14-CV-1345, 2016 WL 7742779 (N.D.N.Y. May 3, 2016) .....................27

Pallatto v. Westmorland Cnty. Children's Bureau,
   No. 2:11CV1206, 2014 WL 836123 (W.D. Pa. Mar. 4, 2014) .............18, 19, 20

Parrotta v. PECO Energy Co.,
   363 F. Supp.3d 577 (E.D. Pa. 2019).......................................16, 20, 26

Pierce-Schmader v. Mount Airy Casino & Resort,
   No. 13-1141, 2014 WL 8106125 (M.D. Pa. Nov. 20, 2014).............................35

Poper v. SCA Americas, Inc.,
   No. CIV.A. 10-3201, 2012 WL 3288111 (E.D. Pa. Aug. 13, 2012)............16, 20

Porter v. Recovery,
    No. CV 20-2617, 2022 WL 4624735 (E.D. Pa. Sept. 30, 2022) ...... 16, 20, 23, 26

Quick v. City of Fort Wayne,
    No. 15-56, 2016 WL 5394457 (N.D. Ind. Sept. 27, 2016) ................................. 31

Razak v. Uber Techs.,
    Inc., 951 F.3d 137, 144 (3d Cir. 2020) ................................................................ 13

Rinehimer v. Cemcolift, Inc., 292 F.3d 375 (3d Cir. 2002) .................................... 33

Shick v. Shirey,
    716 A.2d 1231 (Pa. 1998) .................................................................................... 37

Shields v. Credit One Bank, N.A.,
    32 F.4th 1218 (9th Cir. 2022) .............................................................................. 25

Smith v. City of Allentown,
    589 F.3d 684 (3d Cir. 2009) ............................................................................ 20, 40

Stewart v. Happy Herman's Cheshire Bridge, Inc.,
    117 F.3d 1278 (11th Cir. 1997) ........................................................................... 42

Summers v. Altarum Inst., Corp.,
    740 F.3d 325 (4th Cir. 2014) ............................................................................... 25

Taylor v. Phoenixville Sch. Dist.,
    184 F.3d 296 (3d Cir. 1999) ................................................................................ 15

TD Bank N.A. v. Hill,
    928 F.3d 259 (3d Cir. 2019) ................................................................................ 34

Thimons v. PNC Bank,
    254 Fed. App'x 896 (3d Cir. 2007) ..................................................................... 15

Vargas v. St. Luke's-Roosevelt Hosp. Ctr.,
    No. 16-CV-5733 (JPO), 2020 WL 2836824 (S.D.N.Y. June 1, 2020) .............. 27

Williams v. Borough of W. Chester,
    891 F.2d 458 (3d Cir. 1989) ................................................................................ 14

Worthington v. Chester and Marina, LLC,
    No. 17-1360, 2018 WL 6737447 (E.D. Pa. Dec. 21, 2018) ................................ 37

Yovtcheva v. City of Phila. Water Dept.,
    518 Fed Appx. 116 (3d Cir. 2013) (unpublished) ...............................35

**STATUTES**

28 U.S.C. § 1291 .........................................................................1, 4, 5

28 U.S.C. §§ 1331 and 1367 ...............................................................1

42 U.S.C. § 1202(2)(A) ....................................................................15

42 U.S.C. § 12102(1) ........................................................................15

42 U.S.C. § 12102(3)(A) ...................................................................29

42 U.S.C. § 12102(3)(B) ...................................................................30

42 U.S.C. § 12112(b)(5)(a) ...............................................................33

**COURT RULES**

Fed. R. App. P. 27(d)(2(A) ...............................................................45

Fed. R. App. P. 32(a)(5) ...................................................................45

Fed. R. App. P. 32(a)(6) ...................................................................45

Fed. R. App. P. 32(f) ........................................................................45

Fed. R. App. P. 32(g) .......................................................................45

Fed. R. Civ. P. 56(a) ........................................................................13

Fed R. Civ. P. 56(e) .........................................................................21

**OTHER AUTHORITIES**

28 C.F.R. § 35.108(d)(1)(ix) .........................................................27, 28

29 C.F.R. 1630.2(j)(1)(ii) ..................................................................24

29 C.F.R. 1630.2(j)(1)(ix) .................................................................24

29 C.F.R. § 1630.2(j)(1)(ii) ...............................................................27

29 C.F.R. § 1630.2(j)(1)(iv) ................................................................24, 27

29 C.F.R. § 1630.15(f) ...............................................................................33

154 Cong. Rec. S8840 (2008) (statement of Sen. Tom Harkin) ...............................24

*Interpretive Guidance on Title I of the Americans With Disabilities Act*, 29 C.F.R.
    Pt. 1630, App. (2016) ............................................................................31

## <u>STATEMENT OF JURISDICTION</u>

The District Court had jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367. The Complaint filed by Plaintiff-Appellant Andrew Morgan ("Appellant") set forth claims under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, and the Pennsylvania Human Relations Act ("PHRA").

The Court of Appeals has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

## <u>STATEMENT OF ISSUES</u>

1.  Did the District Court correctly grant summary judgment on Appellant's claim for "actual disability" because he offered only his own self-serving testimony regarding his alleged diagnosis with a herniated disk, and, in any event, only suffered a temporary, mild injury from which he has fully recovered?

    **Suggested Answer:  Yes.**

2.  Did the District Court correctly grant summary judgment on Appellant's "regarded as" claim in light of the fact that his injury was both temporary and mild and, critically, that Allison Crane objectively believed that both were true?

    **Suggested Answer:  Yes.**

3.  Did the District Court correctly grant summary judgment on Appellant's failure to accommodate claim because he was not disabled and, in any event, Appellant testified that his requested accommodations were "always" respected by Allison Crane?

    **Suggested Answer:  Yes.**

4.  Did the District Court correctly grant summary judgment on Appellant's wrongful discharge claim where he admittedly failed to express the requisite intent to file a workmen's compensation claim?

**Suggested Answer:  Yes.**

5.    Did the District Court correctly dispose of the entire case notwithstanding two references to the word "retaliation" in Appellant's pleading, particularly in light of its apparent overlap with the alleged failure to accommodate claim?

**Suggested Answer:  Yes.**

## COUNTER STATEMENT OF CASE

### A.    Appellant is hired by Allison Crane.

Appellant was a 28-year old living in Jersey Shore, Pennsylvania.  Prior to his employment with Allison Crane, Appellant jumped from job to job, typically staying for a few months to a year or more. Appx030-31.  He was hired by Allison Crane, a company that specializes in crane and rigging tasks, as a crane escort and millwright services in their main office in Williamsport in February 2019.  Appx031.  At all relevant times, Appellant was supervised by Brian Bonislawski, the supervisor for the Williamsport yard. Appx031.  He also reported to others at the yard, including Rob Mondrick and foreman Ryan Hastings.  Id.

### B.    Appellant allegedly suffers an injury.

On September 29, 2020, Appellant alleges that he suffered an injury at work. Appx049 at 27:9-17.  He claims that while he was working with a crew to clean a manufacturing facility, he "turned wrong and [] felt a pop in [his] lower back."  Id. at 26:23-27.8.  Appellant mentioned the pain that he was experiencing to others on his crew as well as his foreman Ryan Hastings. Appx049-050 at 28:23-30:1.  But he completed his shift on September 29, 2020, Appx049 at 29:12-14, and he completed his shift the day after that too, and every other day for the rest of the week. Appx050 at 30:5-9 and 31:13-23.

On October 2, 2020, Appellant went to see a chiropractor at Powers Chiropractor for the first time.  Appx050 at 32:4-12.  Appellant testified that the

chiropractor "determined that [he] had a bulged or a herniated disk in [his] lower back" on the very first day that he saw him. Appx050 at 32:19-33:1. There is no evidence in the record to support this supposed diagnosis. Appellant never sought treatment from a medical doctor of any kind, not a general practitioner, an osteopath, physiatrist, or other spinal or back specialist. Appx057 at 58:13-16 and Appx076 at ¶ 13. He does not contend that the chiropractor or anyone else every ordered or performed an x-ray, a CT scan, an MRI, or a nerve test to ascertain any particular diagnosis. He was never prescribed pain medications, muscle relaxers, neuropathic drugs, or any other medicine. Appx050 at 33:2-6. Appellant treated his back injury solely by visiting the chiropractor a few times, who showed him exercises to help improve his pain. Id. He describes only the following impairments to his life activities: "it hurt to sit, hurt to walk" and "[o]bviously turning left or right it hurt." Appx187 at 33:14-18.

The chiropractor wrote Appellant a series of notes to allow him to work light duty. On October 8, 2020, the chiropractor wrote: "Please excuse Andrew Morgan from doing any bending or lifting anything at work over 15 pounds for the next 2 weeks." Appx081. On October 22, the chiropractor extended the 15-pound lifting restriction for another two weeks. Appx083. By November 5, 2020 the 15-pound lifting restriction was removed though Appellant was instructed not to bend or lift

anything at work over 30 pounds for the next 30 days. Appx085.  Plaintiff supplied these notes to his supervisor.

### C.    The October 7, 2020 Meeting.

On October 7, 2020, Appellant met with Brian Bonislawski and Thomas Ungard.  Appx051 35:2-6.  Appellant alleges that he told them about his injury, that he was in pain, and that he went out to seek medical care. Id. at 35:7-11. According to Appellant, Mr. Bonislawski and Ungard told him that it "wasn't a Workman's comp issue" but that they would put him on light duty in the yard.  Id. at 35:13-18. They further told him that was not a "severe injury" and that, "with [his] light duty restrictions" he could still work.  Id. at 36:2-5.  Appellant further alleges that he was told that he could not file for unemployment and that his injury did not qualify as a short-term disability. Appx058 at 63:16-64:15.

### D.    Allison Crane Complies with the Light Duty Restrictions, Appellant Violates Company Policy and is Terminated.

Appellant does not dispute that Allison Crane accommodated the lifting and bending restrictions received from the chiropractor.  Appx055 at 50:19-23 and Appx059 at 67:11-13.  He was put on light duty for the remainder of his employment:  "Q. And you provided them with restrictions from the chiropractor and they always accommodated those restrictions, correct?  A. Correct." Appx189 at 38:12-15.  Appellant continued to work full-time after the injury: he did not miss

any work as a result of the accident. Appx051 at 36:11-18. He continued to earn the same wages. Id. at 36:14-15.

On November 13, 2020, Appellant was disciplined because he was not wearing appropriate protective equipment, a safety hazard in a busy yard and a plain violation of Company policy. Appx061 at 76:10-22.

Then, on November 17, 2020, Appellant was assigned a job to drive a truck to escort a crane back to the job site. Appellant wrote the dispatcher who assigned him the job a text message stating that he would not be able to complete the assigned job because he had a meeting with the bank that day and was not sure if he would be done with work in time to attend the meeting: "I'm not missing my appointment…" He added: "Look I totally understand that I'm f***ing you, but this appointment to get this paperwork really means a lot to me and my family … I'm truly sorry[.]" Appx087 and Appx060 at 71:18-23. Appellant said nothing about his alleged back injury or his inability to sit (and, his own chiropractor imposed no limitation on sitting either). Nevertheless, Appellant contends that he called the dispatcher and told him that it would "inflame [his] back" if he was required to perform the November 17 job. Appx053 at 42:14-23.

Appellant was terminated for violating the Company's attendance policy on or about November 18, 2020. Appx052 at 38:16-19. In Appellant's complaint he had alleged that the reason that he was terminated was because "he was not clear for

duty." Appx510 at ¶ 21.  He admitted that that allegation was false at his deposition. Appx054 at 48:9-12.

### E.    Appellant Never Pursued a Worker's Compensation Claim.

After his injury, Appellant researched the relief available under the Worker's Compensation law.  Appx053 at 45:10-18.  He knew his rights and the process to file and the relevant statute of limitations.  Id.  He never asked anyone to file a Worker's Compensation claim for him.  Id. at 45:14-18 and Appx076 at ¶ 18.  At his deposition, Appellant appeared confused:  "I don't remember ever saying I was discharged for filing a Workers' Compensation claim." Appx055 at 50:3-12.

### F.    Appellant Is Fully Recovered From His Injury.

The chiropractor removed any modifications to Appellant's activities as of November 25, 2020 – 48 days after they were first imposed.  Appx060 at 70:3-6.  He has not received any medical treatment for his back since November 25, 2020. Appx057 at 58:20-23, 60:7-11, 60:12-15.  In response to the question "Do you feel you've fully recovered from any problems with regard to the back injury that you had?"  Appellant said "I do." Id. at 58:24-59:3.  His counsel jumped in:  "Well, I think, you know whether someone is fully recovered – isn't – is not for a doctor or for even a legal conclusion, but he can answer as a lay person." Id. at 59:10-14. Appellant then added:  "in a way I do, but in a way I don't … I mean, it's always going to be there for the rest of my life, but at this point in time with the current work situation and the living situation I am doing, it is not hurting me.  But I could very

easily walk out my door and slip on the ice and my injury's back.  So, I would not say I am 100 percent cured of that injury and I don't know if I ever will be, but at this point in time I am." Id. at 59:19-60:6.  Following his termination, Appellant secured new employment performing manual labor.  Appx062 at 79:18-20 and 80:12-20.

### G.    The District Court Correctly Dismissed Appellant's Claims.

This case arrives at this Court following the filing of a disability discrimination complaint by the Appellant, once amended to add a PHRA claim, Appx 507-516, extensive discovery, and briefing on Allison Crane's motion for summary judgment, Appx. 26-506.  In its motion, Allison Crane argued with respect to the disability claim, that it is entitled to summary judgment as to Appellant's ADA and PHRA claims because Appellant failed to establish that he was disabled, or perceived as disabled. Appx103-109. Allison Crane argued that, while Appellant asserted he suffered from a herniated or bulged disk, he produced no evidence, aside from his own testimony, to substantiate any medical impairment.  Id.  Moreover, Appellant was only moderately limited in his ability to lift objects during a 48-day period, missed no work, sought no further treatment, and now suffers no limitations due to his back issues.  Appx107.  Since he was not disabled, Appellant could not maintain a failure to accommodate claim either.  Id.

As to the wrongful discharge claim, Allison Crane argued that Appellant engaged in no protected activity – he never filed a workers' compensation claim, never asked anyone to file a workers' compensation claim, and never had a discussions with anyone about filing a workers' compensation claim on his behalf, meaning that he engaged in no protected activity. Appx110-111.

Chief United States District Judge Matthew W. Brann agreed, finding that Appellant did not suffer from an actual disability because he offered no admissible evidence in support of his assertion that he suffered from such an injury and, as to any claim of generalized back pain, the minor lifting restrictions "were first imposed on [Appellant] on October 8, 2020, and it is uncontested that [Appellant] was released to full occupational duties with no restrictions on November 25, 2020 – a mere 48 days after restrictions were first imposed." Appx018. Appellant "suffers from no pain or limitations, and he is currently engaged in employment that requires heavy manual labor." Id. As such, he "suffered from no disabling impairment under the ADA or PHRA." Appx019. Appellant could not establish that he was regarded as disabled either because his impairment was transitory and minor. Appx19-22. As to the wrongful discharge claim, Judge Brann concluded that Appellant did not engage in protected activity, and thus did not establish a *prima facie* case of wrongful discharge. Appx22-25. Appellant appealed Judge Brann's decision.

## SUMMARY OF ARGUMENT

The District Court properly granted summary judgment in Allison Crane's favor on Appellant's disability and wrongful discharge claim because the evidence of record creates no genuine issue of material fact for trial. The mild injury that Appellant suffered, which lasted for 48 days, from which he has fully recovered, and which imposed only minor restrictions while active, was not a disability. Furthermore, Appellant never expressed an intent to file a worker's compensation claim as required to establish a wrongful discharge in Pennsylvania. The District Court's findings were amply supported by controlling law and the evidentiary record.

As to the disability claim, Appellant took a kitchen sink approach, arguing every possible theory in the hope that one will establish that he was disabled – actual disability, "regarded as" disabled, "record of impairment," and that Allison Crane failed to accommodate him. Appellant waived any "record of impairment" argument by not pursuing it in the Court below, or on this appeal. The District Court correctly concluded that none of the other theories were viable:

- Appellant did not suffer an "actual disability" for two reasons: (1) he did not offer sufficient evidence to establish that he suffered a herniated disk. Appellant's evidence consisted entirely of Appellant's testimony that a chiropractor told him that he had a herniated disk and a handful of chiropractor notes that say nothing about a "herniated disk" or any other diagnosis but require that he be put on light duty with 20- and then 30-pound lifting and bending restrictions for a finite period of time: 48 days total; (2) in any event, Appellant could not establish that

his alleged injury was sufficiently severe to render it substantially limiting:  Appellant testified only to pain when sitting, walking, or turning, admits that he was able to continue working, saw a chiropractor a few times who helped with certain exercises and manipulations, admits that his light duty restrictions were lifted less than 7 weeks after they were imposed, admits to being fully healed and, as evidence of same, secured new employment with another company performing manual labor without restrictions.

- Appellant was not "regarded as" disabled because the evidence of record establishes that his injury was a mild, temporary impairment and that Allison Crane viewed it as such.

- Appellant was not entitled to a reasonable accommodation because he is not disabled.  Even if he was, Appellant admits that Allison Crane "always" adhered to his limitations.  Appellant's duplicative "retaliation" allegations fail for the same reason.

The Equal Employment Opportunity Commission ("EEOC") writes separately to invite this Court to use this case to set an unprecedented policy:  it asks the Court to rule that, in a claim for actual disability, the plaintiffs should not be held to a "durational requirement."  Stated differently, the EEOC suggests that this Court should foreclose district courts from assessing the length of an impairment as a factor when analyzing whether a claimed injury is sufficiently severe to constitute a disability.  The 2008 Amendments to the Americans with Disabilities Act, on which the EEOC premises its argument, impose no such limitation:  they merely clarify that while a temporary impairment can constitute a disability, it does not mean that it necessarily is a disability.  The District Court considered the entirety of the record—including the short duration of the alleged injury (48 days total), the limited impact on Appellant, the minor restrictions imposed, and his full recovery—to

correctly conclude that Appellant suffered an injury that was both mild and temporary and, therefore, not a disability.

For the reasons discussed herein, this Court should affirm the District Court's order granting summary judgment and disposing of this claim.

## **ARGUMENT**

This Court's standard of review is plenary, meaning that the Court must review anew the District Court's summary judgment decisions, applying the same standard it was required to apply. Ellis v. Westinghouse Elec. Co., LLC, 11 F.4th 221 (3d Cir. 2021). To prevail on a motion for summary judgment, the moving party must establish that there is "no genuine dispute as to any material fact and the movement is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is "genuine" if the "'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Razak v. Uber Techs., Inc., 951 F.3d 137, 144 (3d Cir. 2020) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "A factual dispute is 'material' if it 'might affect the outcome of the suit under the governing law.'" Id. (quoting Anderson, 477 U.S. at 248).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Indeed, the party opposing summary judgment must "present more than just 'bare

assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986)).  Rather, the non-moving party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." <u>Williams v. Borough of W. Chester</u>, 891 F.2d 458, 460 (3d Cir. 1989).  A mere scintilla of evidence will not suffice. <u>Id</u>.  Nor will simply reasserting factually unsupported allegations. <u>Id</u>.  "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." <u>Anderson</u>, 477 U.S. at 249-50.

### A.    The District Court Correctly Ruled that Appellant Failed to Establish the Presence of an "Actual" Disability Within the Meaning of the ADA and PHRA.

Appellant sets forth claims for discrimination and failure to accommodate under the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA").[1]  When considering such claims under the two statutes, the analysis is identical – the Court applies the three-part burden shifting framework in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973).  <u>See</u> <u>Law v.</u>

---

[1]    Appellant asserted a record of impairment claim in his complaint.  Allison Crane moved for summary judgment on it because there was no record of any impairment, save for the chiropractor's light duty notes. Appx109.  Appellant did not respond to the argument in its response and, therefore, his claim for record of impairment was waived.  <u>See</u> <u>Adams v. Pennsylvania</u>, No. 6-2154, 2009 WL 2707601 (M.D. Pa. Aug. 25, 2009) (holding that the plaintiff waived any record of impairment claim where he did not respond to this argument in defendant's brief and, instead, addressed only whether he is actually disabled or whether the defendants regarded him as disabled).  Appellant does not raise the "record of impairment" claim on appeal either.

Garden State Tanning, 159 F. Supp. 2d 787, 791 n.2 (E.D. Pa. 2001).  Before any burden-shifting can occur, however, a party asserting such a claim must first make out a prima facie case.  Specifically, he must establish that: "'(1) he is a disabled person within the meaning of the [ADAAA]; (2) he is otherwise qualified to perform the essential functions of the job with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination.'"  Thimons v. PNC Bank, 254 Fed. App'x 896, 897 (3d Cir. 2007) (quoting Gaul v. Lucent Tech., Inc., 134 F.3d 576, 580 (3d Cir. 1998)); Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 306 (3d Cir. 1999) (noting that analysis of ADA claim applies to PHRA claim).  A "disability" may be found in one of three ways: Appellant may show (1) a physical or mental impairment that substantially limits one or more major life activities; (2) a record of such an impairment, or (3) being regarded as having such an impairment.  42 U.S.C. § 12102(1).  As relevant here, "major life activities" include lifting and bending.  42 U.S.C. § 1202(2)(A).

Here, the Court need not resort to burden shifting because Appellant cannot establish the first step of the McDonnell Douglas framework:  he has not established that his injury was a "disability."

> i.    *Appellant failed to proffer enough evidence to establish he had an actual disability.*

In this case, the parties contest the quantum of evidence required to show that an individual has a disability.  Appellant has only presented two pieces of evidence

that could even potentially establish that he suffers from a disability: (1) his testimony about supposedly being diagnosed with a "herniated disc"; and (2) chiropractor notes. The latter say nothing about a herniated disc – they merely put him on light duty, with a two-week bending and lifting restriction over 20 pounds, which was subsequently modified to a 30-pound restriction for an additional 30 days. Cf. App. Brief. at 23. As such, the only evidence that Appellant has offered to prove that he was disabled is his own self-serving testimony. It is well-settled that self-serving testimony alone is not sufficient to substantiate a disability claim. See, e.g., Parrotta v. PECO Energy Co., 363 F. Supp.3d 577, 593 (E.D. Pa. 2019) (explaining that "[i]f we allow an employee to establish a disability relying solely on his own testimony, there would be no reasonable limit to a 'disability' under the Disabilities Act… Such self-diagnosing testimony alone fails to clear even the low hurdle for establishing a disability."); see also Porter v. Recovery, No. CV 20-2617, 2022 WL 4624735, at *23 (E.D. Pa. Sept. 30, 2022) (finding that the plaintiff could not establish a disability because he "failed to adduce any evidence—other than his own testimony—that he… was disabled at the time of his non-hiring"); Brearey v. Brennan, No. 17-CV-2108, 2019 WL 111037 (E.D. Pa. Jan. 4, 2019) (holding that employee's testimony that he still had pain at the time of his termination was insufficient to establish a disability and granting summary judgment in favor of employer); Poper v. SCA Americas, Inc., No. CIV.A. 10-3201, 2012 WL 3288111

(E.D. Pa. Aug. 13, 2012) (granting summary judgment and holding that the plaintiff's testimony was insufficient to establish an actual disability without the support of medical records).

The District Court correctly concluded that Appellant had not offered sufficient evidence to demonstrate that he had a herniated disc. Relying on this Court's precedent in <u>Marinelli v. City of Erie, Pa.</u>, 216 F.3d 354, 360 (3d Cir. 2000), the District Court held that a herniated disk is "not within the comprehension of a jury that does not possess a command of medical or otherwise scientific knowledge," and, must, therefore, be substantiated by medical evidence. Appx016-17. The District Court acknowledged that it could not "locate any case holding that spinal impairments such as a bulged or herniated disk are within the comprehension of a lay jury." Appx016. However, it concluded that, although the "injuries themselves may be fairly common" and a "lay person may even be able to understand at a basic level how such an impairment could be limiting," without medical evidence, "no lay person could reasonably conclude that an individual actually suffers from a bulged or herniated disk" nor "would a jury understand the severity of the ailment and its possible limiting effects." <u>Id</u>.

There is no dispute here, just as there was no dispute in the District Court, that Appellant has not proffered any medical evidence to establish that he had a herniated disc. Instead, Appellant contends that he was not required to offer medical evidence.

App. Br. 19-25.   But Appellant cannot cite a case that supports his argument. Instead, Appellant proffers only cases within this Circuit that have applied <u>Marinelli</u> to mental health disabilities and lupus.   <u>Nagle v. Comprehensive Women's Health Servs., P.C.</u>, No. 3:15-CV-0042, 2018 WL 1473833 (M.D. Pa. Jan. 19, 2018) (mental health); <u>Pallatto v. Westmorland Cnty. Children's Bureau</u>, No. 2:11CV1206, 2014 WL 836123 (W.D. Pa. Mar. 4, 2014) (lupus).   Appellant then extrapolates from those distinguishable scenarios that no medical evidence should be required here either.   Appellant is wrong.

Courts that have addressed whether medical evidence is required to prove a herniated disk under materially similar circumstances have concluded that medical evidence is required, just as the District Court did here.   By way of example, in <u>Cotz v. Mastroeni</u>, 476 F. Supp. 2d 332, 370 (S.D.N.Y. 2007), the court granted summary judgment in favor of the employer where the employee failed to submit medical evidence to substantiate or further elaborate her allegations that she suffered trauma to her spine including two herniated discs.   There, just like here, the plaintiff offered only her own testimony regarding the alleged herniated discs.   <u>Id.</u>   "This is clearly insufficient to sustain her burden at the summary judgment stage."   <u>Id.</u>

The cases that Appellant cites are not to the contrary.   In fact, in the cases he cites, medical evidence was introduced to establish the disability.   Worse still for Appellant, the cases that he cites only further demonstrate the quantum of proof

required to establish a disability and the absence of such evidence here.  In <u>Nagle</u>, the court ultimately determined that no medical testimony was necessary to establish the plaintiff had a mental health disability where she had already proffered, in addition to her own testimony, medical records of her treatment with a psychologist, dating back several years, which "indicat[ed] a longitudinal picture of care and treatment, including the prescription of medication to control anxiety." <u>Id</u>. at *13. Similarly, in <u>Pallotto</u>, the court held that "the production of medical evidence **beyond what is already in the record** is not required" for the plaintiff to establish that she suffered from lupus. <u>Id</u>. at *11 (emphasis added).  The plaintiff in that case had already presented record evidence of a previous, official diagnosis of lupus, as well as FMLA paperwork to the same effect.  <u>Id</u>.  Likewise, in <u>Malzberg v. N.Y. Univ.</u>, No. 19-CV-10048 (LJL), 2022 WL 889240 (S.D.N.Y. Mar. 25, 2022), the defendant argued that Plaintiff's own self-diagnosis, with no other evidence including no medical testimony, could not establish the existence of a disability.  The court held ultimately held that Defendant's argument failed <u>because of the surplus of medical evidence already on the record</u>.  In this case, the court noted:

> [I]t is undisputed that Plaintiff's 2008 MRI report found [m]ild multilevel discogenic degenerative changes; that his March 2019 MRI report found [m]ultilevel degenerative changes of the lumbar spine with possible small left foraminal disc protrusions at L1-2 and L3-4 and noted progressed findings compared to the 2008 MRI report…; that notes from physicians who examined Plaintiff in November 2019 included findings regarding Plaintiff's back…; and that a March 2021 report by an orthopedic surgeon concluded that Plaintiff suffers from a

lumbar degenerative condition with disc bulging and face arthropathy (arthritis) as well as foraminal narrowing (pinched nerves) at multiple levels… **Plaintiff's back condition is a far cry from mere self-diagnosis.**

<u>Id</u>. at *11 (emphasis added) (cleaned up).

The record here is much thinner than the extensive facts demonstrated in <u>Nagle</u>, <u>Pallatto</u>, and <u>Malzberg</u>.  Here, the only evidence of Appellant's alleged herniated disk is his own testimony that he was diagnosed with a herniated disk by a chiropractor.  Appx050 at 32:19-33:1.  It is well-settled that conclusory testimony alone is not sufficient to withstand summary judgment.  <u>See</u>, <u>e.g.</u>, <u>Parrotta</u>, 363 F. Supp.3d at 593; <u>Porter</u>, 2022 WL 4624735, at *23; <u>Brearey</u>, 2019 WL 111037; <u>Poper</u>, 2012 WL 3288111.

In fact, even Appellant's conclusory testimony cannot be considered.  As the District Court explained, Appellant's testimony about the alleged diagnosis is hearsay, which cannot be considered on a motion for summary judgment.  Appx014-15.  Consistent with this Court's precedent, "[h]earsay statements that would be inadmissible at trial may not be considered for purposes of summary judgment."  <u>Smith v. City of Allentown</u>, 589 F.3d 684, 693 (3d Cir. 2009).

Appellant does not contest that the only testimony he offered that he was injured was his testimony regarding the alleged diagnosis.  He does not (because he cannot) contest that that testimony was hearsay.  To preserve his claim, Appellant pivots and, oddly enough, blames the District Court for failing to determine whether

the chiropractor could have testified to the alleged diagnosis and whether he would have been present for trial.  App. Br. at 25-27.  But "the mere possibility that the hearsay statement will be presented in the form of admissible evidence at trial does not warrant consideration of hearsay evidence at summary judgment stage."  See Bouriez v. Carnegie Mellon Univ., No. 02-2104, 2005 WL 2106582, at *8 (W.D. Pa. Aug. 26, 2005).  Rather, at the summary judgment stage, the burden is "on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated."  Fed R. Civ. P.  56(e) advisory committee's note to 2010 amendment (emphasis added).  Where, as here, the Appellant has offered no evidence establishing that the chiropractor would attend trial and testify to the alleged diagnosis or that he is qualified to do so (particularly given that he performed no diagnostic imaging of Appellant's spine prior to the alleged diagnosis), this Court has affirmed the exclusion of such hearsay for consideration on summary judgment. See Conard v. Pennsylvania State Police, No. 20-3644, 2022 WL 58543, at *3 (3d Cir. Jan. 6, 2022) (unpublished); Hlinka v. Bethlehem Steel Corp., 863 F.2d 279 (3d Cir. 1988).

Appellant cites to J.F. Feeser, Inc. v. Serv-A-Portion, Inc., 909 F.2d 1524, 1542 (3d Cir. 1990) where this Court ruled that the district court erred when it refused to consider an affidavit from an employee, which was based upon information received from his own sales personnel, because the sales personnel may

be available to testify at trial. The facts in <u>J.F. Feeser</u> are a far cry from those presented here: indeed, merely bringing the employees who had knowledge of the facts averred in an affidavit is very different from arguing for the first time on appeal that a third-party chiropractor may attend trial and may further testify to an alleged diagnosis.

Plaintiff has failed to present the required medical evidence to proceed on an ADA or PHRA claim based on his alleged herniated disk.[2] For this reason alone, Appellant's ADA and PHRA claims should be rejected.

> ii. *Appellant failed to establish that his temporary injury was sufficiently severe to be a "disability."*

Appellant was also required to establish that his disabling impairment was sufficiently severe. The District Court concluded that the temporary lifting restrictions imposed did not substantially limit Appellant in major life activities: "Lifting restrictions were first imposed on [Appellant] on October 8, 2020, and it is uncontested that [Appellant] was released to full occupational duties with no restrictions on November 25, 2020—a mere 48 days after restrictions were first

---

[2] The District Court also assessed whether medical evidence was required to substantiate a claim of generalized back pain. However, Appellant has not fashioned a claim for generalized back pain. He has been clear that his alleged impairment is a herniated disk, not general back pain: "[Appellant] was diagnosed with a bulged/herniated disk in his lower back, evidencing his physical impairment. Appx126 (Resp. Br. to MSJ). In any event, as the District Court correctly concluded, Appellant's claim still fails because he cannot establish that he was substantially limited as a result of any alleged impairment.

imposed." Appx018.  Since November 25, 2020, Appellant "suffers from no pain

or limitations" and he is currently engaged in employment that "requires manual

labor." Id.  The District Court cited this Court's opinions in Macfarlan v. Ivy Hill

SNF, LLC, 675 F.3d 266 (3d Cir. 2012) and Bangura v. Pennsylvania, 793 F. App'x

142, 145 n.3 (3d Cir. 2019) for the proposition that a "temporary non-chronic

impairment of short duration is not a disability covered by the ADA or the PHRA."

Appx018.

Appellant takes issue with the District Court's citation to Macfarlan, arguing

that the 2008 Amendment to the ADA renders its analysis of the duration of the

alleged injury improper.  Neither the Amendments to the ADA nor the cases

Appellant cites support the broad argument that he and the EEOC in its *amicus* brief

put forth – that a district court may not consider the duration of an impairment to

assess whether it is substantially limiting.

      1.    The ADA Amendments of 2008 do not foreclose a district
            court from considering the duration of an injury when
            assessing whether it was substantially limiting.

The ADA Amendments Act of 2008 ("ADAAA") make it easier to establish

that an impairment is a disability.  Porter v. Recovery, No. 20-2617, 2022 WL

46247345, at *7 (E.D. Pa. Sept. 30, 2022).  The ADAAA was meant to broaden the

spectrum of disability "by 'specifically address[ing] certain impairments that were

not receiving the protection that Congress intended—cancer, HIV-AIDS, epilepsy,

diabetes, multiple sclerosis, amputated and partially amputated limbs, post-traumatic stress disorder, intellectual and developmental disabilities…." Id. Even after the amendment, however, "not every impairment will constitute a disability" within the meaning of the ADA. 29 C.F.R. 1630.2(j)(1)(ii). See also 154 Cong. Rec. S8840 (2008) (statement of Sen. Tom Harkin) ("We reaffirm that not every individual with a physical or mental impairment is covered by the first prong of the definition of disability in the ADA.").

While an impairment lasting fewer than six months *can* constitute a disability since the 2008 amendments, it does not follow that such an impairment *will* constitute a disability. "The effects of an impairment lasting or expected to last fewer than six months *can be substantially limiting*…." 29 C.F.R. 1630.2(j)(1)(ix). Consequently, the duration of an impairment remains a relevant criterion for assessing whether the impairment rises to the level of a disability: According to the appendix to the EEOC regulations, the "duration of an impairment is one factor that is relevant in determining whether the impairment substantially limits a major life activity." Id. Although "impairments that last only for a short period of time are typically not covered," they *may be* covered if "sufficiently severe." Id. Whether an individual is disabled, requires an individualized assessment. 29 C.F.R. § 1630.2(j)(1)(iv)

2.      The District Court correctly relied on controlling precedent and is in good company with many other decisions from other district courts in this Circuit (and elsewhere).

Appellant also puts much emphasis on its argument that the District Court's citation to this Court's decision in Macfarlan was error, arguing that Macfarlan was a "clear misapplication" of the ADAAA.  App. Br. at 28.  Appellant and the EEOC in its amicus brief are basically arguing that the ADAAA categorically foreclosed *any* assessment of the duration of the injury for an "actual" disability.

Appellant cites cases to support its argument that are either on a motion to dismiss or outside this Circuit, or both.  In any event, none of these cases preclude the District Court from considering the duration of an impairment to assess whether an individual is actually disabled on a motion for summary judgment.  See Hamilton v. Westchester Cnty., 3 F.4th 86 (2d Cir. 2021) (on a motion to dismiss, the court concluded only that Hamilton's claim could not fail solely because his impairment caused limitations that were temporary); Summers v. Altarum Inst., Corp., 740 F.3d 325 (4th Cir. 2014) (on a motion to dismiss, the Fourth Circuit held only that the District Court improperly held that a temporary impairment can never constitute a disability); Shields v. Credit One Bank, N.A., 32 F.4th 1218 (9th Cir. 2022) (on a motion to dismiss, the Ninth Circuit held only that an impairment lasting or expected to last fewer than six months can potentially be substantially limiting).

Appellant does not address the numerous cases in this Circuit that, like Macfarlan, continue to hold, even after the ADAAA, that transitory and temporary impairments do not constitute disabilities under the ADAAA, absent sufficient evidence to establish the individual was substantially limited with respect to a major life activity. For example, in Bush v. Donahoe, 964 F. Supp. 2d 401 (W.D. Pa. 2013) the defendants argued that, even in the wake of the 2008 ADA amendments, Plaintiff's temporary, non-chronic impairment of a sprained right ankle/foot could not satisfy the definition of a disability under the "actual" prong. Id. The court ultimately agreed with Defendants and cited the EEOC's regulatory guidance in noting that "**duration is but one factor** the Court takes into consideration in **determining whether a major life activity is substantially limited** by the impairment." Id. at 418 (emphasis added). In its analysis, the court determined that, based on the lack of record evidence, medical or otherwise, *coupled* with the temporary short-term duration of the impairment, the plaintiff was unable to survive summary judgment because she had failed to produce evidence which would allow a reasonable jury to conclude that her impairment substantially limited a major life activity. Id. at 421. Numerous other cases have similarly held that a temporary impairment did not constitute a disability. See Porter v. Recovery, No. 20-2617, 2022 WL 46247345, at *7 (E.D. Pa. Sept. 30, 2022); Parrotta v. PECO Energy Co., 363 F. Supp. 3d 577, 590-91 (E.D. Pa. 2019); Brearey v. Brennan, No. 17-2108,

2019 WL 111037, at *5 (E.D. Pa. Jan. 4, 2019).[3]  See also Budhun v. Reading Hosp. & Med. Ctr., No. CIV. 10-6921, 2011 WL 2746009 (E.D. Pa. July 14, 2011) (denying motion for leave to amend complaint to add ADA claim because her allegations of a fractured pinky finger and subsequent inability to use the finger for two and a half months did not constitute a disability).

In its amicus brief, the EEOC acknowledges that numerous district courts continue to consider the duration of the disability as a factor in assessing whether an "actual disability" is established.  Amicus Br. at 18.  The EEOC is asking this Court to reverse those decisions and foreclose other courts in this Circuit from considering the duration of the impairment when assessing whether it is sufficiently substantial to warrant being deemed a "disability."  In other words, the EEOC's argument would render any short-term injury a disability.  But the 2008 Amendments did not go so far—even after the ADAAA, "not every impairment will constitute a disability…." 29 C.F.R. § 1630.2(j)(1)(ii).  An "individualized assessment" is required to determine whether an impairment is substantially limiting, § 1630.2(j)(1)(iv), and one factor that may be considered is whether the impairment is temporary.  See 28 C.F.R. §35.108(d)(1)(ix).

---

[3]   See also Vargas v. St. Luke's-Roosevelt Hosp. Ctr., No. 16-CV-5733 (JPO), 2020 WL 2836824 (S.D.N.Y. June 1, 2020); O'Donnell v. King B 100, LLC, No. 1:14-CV-1345, 2016 WL 7742779 (N.D.N.Y. May 3, 2016) (collecting cases); Fischbach v. Cmty. Mercy Health Partners, No. 3:11CV00016, 2012 WL 4483220 (S.D. Ohio Sept. 27, 2012).

The District Court merely acknowledged that the length of Appellant's injury—48 days—suggested that the alleged impairment was not sufficiently severe to be an "actual disability." There are plenty of other factors that also support that conclusion: Plaintiff offered no medical evidence to support the alleged condition, Appx050 at 32:19-33:1; Plaintiff was not prescribed and did not take any medication or pain reliever nor was he subjected to injections or any other treatment, Appx050 at 33:2-6; Plaintiff did not undergo any MRIs, scans, images, or other tests to diagnose or treat his injury, id.; Plaintiff never saw his general practitioner, an orthopedic surgeon, or any other back specialist, Appx057 at 58:13-16; Plaintiff only saw a chiropractor a few times over a period of fewer than 8 weeks and never returned, Appx050 at 33:2-6; Plaintiff was able to continue working and has not offered any other evidence that his daily activities were otherwise altered (Plaintiff merely testified that it hurt to sit, walk, or turn), Appx187 at 33:14-18; Plaintiff's restrictions following the injury were narrow—he could not lift 20 pounds for a period of two or three weeks and then 30 pounds for the next 30 days, Appx81-85; and Plaintiff has fully recovered and has not sought medical treatment for his back since November 25, 2020, Appx057 at 58:20-23, 59:19-60:6; 60:7-11, and 60:12-15; and, shortly after his termination, began working another job that required manual labor without any restrictions, Appx062 at 79:18-20 and 80:12-20. For all of these reasons, Plaintiff has not demonstrated that he was substantially impaired or that he

suffers from an "actual disability."  Plaintiff had, at best, a back injury that required minimal changes to his major life activities for a period of 48 days.

The District Court had numerous reasons to grant summary judgment on Plaintiff's claim of "actual disability."  One of the things that it considered was the duration of the injury pursuant to this Court's ruling in <u>Macfarlan</u> (just as numerous other district courts in this circuit have done).  The District Court's conclusion should be affirmed.

**B.     The District Court Correctly Ruled that Appellant Failed to Establish That he Was "Regarded As" Disabled Within the Meaning of the ADA and PHRA.**

Appellant next argues that, even if he did not have an "actual" disability, he was "regarded as" disabled by Allison Crane and thus should be permitted to proceed to trial on that theory.  Appellant is wrong.

In order to state a "regarded as" disabled claim, a plaintiff must "establish[] that he or she has been subjected to an action prohibited under the [ADA] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity."  42 U.S.C. § 12102(3)(A).  As this Court has explained, "[t]o demonstrate that an employer regarded an employee as having a qualifying disability, the plaintiff must demonstrate that the employer believed that a wholly unimpaired plaintiff had an impairment that substantially limited at least one major life activity or that the

employer believed an employee's actual impairment to limit major life activities when it in fact did not." <u>McFarlan v. Ivy Hill SNF, LLC</u>, 675 F.3d 266, 274 (3d Cir. 2012). The focus is on the employer's "reactions [to] and perceptions [of] its employees." <u>Gavurnik v. Home Props., LP</u>, 227 F. Supp. 3d 410 (E.D. Pa. 2017).

The District Court concluded that Allison Crane did not consider Appellant to have a disability based on the facts of record: Appellant "continued to work without interruption, the chiropractor's restriction on [Appellant]'s ability to bend and lift were fairly negligible and always temporary in nature, and [Appellant]'s supervisors directly stated that they felt his impairment was not severe and did not impact his ability to work at light duty." Appx021. Curiously, on appeal, Appellant does not contest this finding. <u>Cf.</u> App. Br. at 30-34. For that reason alone, the District Court's ruling on Appellant's "regarded as" claim should be affirmed.

Appellant devotes his entire argument to dispute that his injury was subject to the "transitory and minor" exception applied to "regarded as" claims. As the District Court explained, the ADA "limits 'regarded as' claims by excluding impairments that are transitory and minor." Appx020 (citing <u>Eshelman v. Patrick Indus.</u>, 961 F.3d 242 (3d Cir. 2020)). The ADA defines transitory as "an impairment with an actual or expected duration of 6 months or less" but does not define "minor." <u>Id</u>. (quoting 42 U.S.C. § 12102(3)(B). This Court has held that whether an impairment is minor must be considered on a "case-by-case basis" by examining "such factors

as the symptoms and severity of the impairment, the type of treatment required, the risk involved, and whether any kind of surgical intervention is anticipated or necessary—as well as the nature and scope of any post-operative care.  Appx020 (citing Eshelman, 961 F.3d at 249).

After setting forth these legal principles, which are not challenged on appeal, the District Court concluded that Appellant's injury was both transitory and minor. As to "transitory," Appellant was "placed under lifting restrictions for only 48 days, well below the six-month cutoff for a transitory impairment." Id. at 17.  As to "minor," nothing in the record established that the injury was anything more than "minor":  "while [Appellant] experienced back pain, he missed no work, was only mildly limited in his ability to bend and lift, and suffered from no other restrictions." Appx021.  Moreover, the "treatment required was fairly minor, consisting of chiropractic treatments that lasted just over two months with no surgical intervention required, and no pain medications prescribed." Id.

The District Court is in accord with a decision from this Court, see, e.g., McFarlan, 675 F.3d at 274 (finding that "temporary lifting limitations, which were removed only four months after first imposed" are transitory and minor impairments), as well as EEOC guidance, *Interpretive Guidance on Title I of the Americans With Disabilities Act*, 29 C.F.R. Pt. 1630, App. (2016). See also Quick v. City of Fort Wayne, No. 15-56, 2016 WL 5394457 (N.D. Ind. Sept. 27, 2016)

(finding that a back injury was "transitory and minor" where the plaintiff suffered acute pain but then recovered within a month).

Although Appellant summarily contends that the District Court did not "grant appropriate weight" to his alleged limitations, he does not explain how the District Court erred and offers no other evidence to support his allegation that the injury was not "minor." Moreover, neither Appellant nor the EEOC offer contrary case law finding that a back injury that lasts fewer than two months, requires minimal restrictions to lifting and bending, and from which the individual has fully healed is not barred by the transitory or minor exception.[4]

Appellant spends most of his time arguing that the District Court erred in its conclusion because he testified that he could re-injure his back at some point in the future. App. Br. at 33. In other words, Appellant disputes that the injury was "transitory" because, although it admittedly only lasted for 48 days, he "was concerned about future flare-ups." App. Br. at 32. Appellant's fears about potentially suffering another back injury at some hypothetical point in the future are entirely beside the point. The inquiry is whether Allison Crane objectively believed

---

[4] The EEOC raises whether the "transitory and minor" exception is an affirmative defense and whether the District Court improperly placed the burden on Appellant. Allison Morgan believes that this is a red herring. There is no dispute that the "transitory and minor" exception is an affirmative defense to a "regarded as" disabled claim. Nor is there any meaningful dispute that it has been satisfied here and that it is a basis to dismiss a claim on summary judgment.

the impairment was both transitory and minor.  Cf. 29 C.F.R. § 1630.15(f) (stating that an employer "may not defeat 'regarded as' coverage of an individual simply by demonstrating that it subjectively believed the impairment was transitory and minor").  Appellant's subjective worries expressed during his deposition are irrelevant to the analysis.

The objective evidence of record is irrefutable: at the time of his termination, Allison Crane understood from the chiropractor's notes that Appellant was subject to a 30-pound lifting restriction for another week or two.  See Appx081-85.  In sum, Allison Crane objectively believed that Appellant's injury was both transitory and minor.  As such, Appellant was not "regarded as" disabled.

## C.    The District Court Correctly Ruled that Appellant Failed to Establish That Allison Crane Did Not Accommodate Him.

Since Appellant was not a qualified individual under the ADA or the PHRA, the District Court did not separately assess the reasonable accommodation claim. This was not error.  Numerous cases from this Court have held that a reasonable accommodation claim is dependent on a finding that the individual is disabled.  See Capps v. Modelez Global, LLC, 847 F.3d 144, 157 (3d Cir. 2017); Rinehimer v. Cemcolift, Inc., 292 F.3d 375 (3d Cir. 2002).  See also 42 U.S.C. § 12112(b)(5)(a). Appellant does not meaningfully contend otherwise.  Cf. App. Br. at 35-36 (assuming *arguendo* that a person must have a disability to pursue a failure to accommodate claim).

Appellant curiously contends that the District Court incorrectly applied a burden-shifting framework.  App. Br. at 34-36.  Even if it had (and Allison Crane disputes that it did), the District Court never needed to resort to any burden-shifting because Appellant could not establish the threshold requirement that he is disabled.

There are myriad other reasons to affirm summary judgment as to the reasonable accommodation claim as well.  See Laurel Gardens, LLC v. Mckenna, 948 F.3d 105, 116 (3d Cir. 2020) (declaring that the appellate court can affirm the lower court on any ground supported by the record, "and an appellee may urge affirmance on such a ground even if the district court overlooked it or it involves an attack on the district court's reasoning.); TD Bank N.A. v. Hill, 928 F.3d 259, 270 (3d Cir. 2019) (holding that the appellate court may affirm on any basis supported by the record, "even if it departs from the District Court's rationale").  Appellant does not dispute that Allison Crane provided him with light duty tasks consistent with the bending and lifting restrictions imposed by his chiropractor following his alleged injury.  Appx055 at 50:19-23; Appx059 at 67:11-13.  In fact, Appellant admitted that Allison Crane "always" accommodated his restrictions.[5]  Id.  As a result, he was not required to miss a day of work.  See Appx050 at 30:5-9 and 31:13-23.  However, he now contends that the task assigned to him on

---

[5]    Notwithstanding Appellant's clear testimony, he now takes the position on appeal that Allison Crane "abjectly failed to engage in the interactive process in good faith." App. Br. at 36.

November 17 - driving a truck to Syracuse, New York (from Scranton) - was not consistent with his "light duty" limitations because he could not sit for long periods. App. Br. at 36.

As an initial matter, Appellant's argument is inconsistent with the text messages that he sent on November 17, stating that he was not going to report for work because of a bank appointment – not because of any alleged discomfort from sitting.  Appx087; Appx060 at 71:18-23.

In addition, the restriction that Appellant asserts justifies his failure to show up for work on November 17—a limitation on sitting for long periods of time—is inconsistent with his own light duty notes from the chiropractor, which impose no limitation on his ability to sit, only bending and lifting.  Appx081-85.  It is well-settled that an "employer is not obligated to provide an employee the accommodation he requests or prefers, the employer need only provide some reasonable accommodation."  Yovtcheva v. City of Phila. Water Dept., 518 Fed Appx. 116, 122 (3d Cir. 2013) (unpublished).  See also Pierce-Schmader v. Mount Airy Casino & Resort, No. 13-1141, 2014 WL 8106125 (M.D. Pa. Nov. 20, 2014) (granting summary judgment in favor of employer; the employer provided accommodations to plaintiff in accordance with her doctor's restrictions); Hofacker v. Wells Fargo Nat'l Bank Ass'n, 179 F. Supp. 3d 463, 471-72 (E.D. Pa. 2016) (finding that plaintiff could produce no evidence, including medical documentation,

showing that the accommodation employer provided did not adequately address his disability; employer did not fail to engage in the interactive process in good faith simply because it did not give plaintiff the specific accommodation he wanted).  In short, Appellant's failure to show up for work had nothing to do with his injury and everything to do with the bank appointment that he did not want to miss.  Appellant has concocted this new explanation after the fact for litigation strategy.  It is inconsistent with the facts of record and the law surrounding a failure to accommodate.  Summary judgment was properly granted disposing of Appellant's failure to accommodate claim.

Thus, because Appellant failed to establish that he had a disability, the District Court properly granted summary judgment as to Counts I and II under the ADA and the PHRA.

### D.    The District Court Correctly Ruled that Appellant Failed to Establish His *Prima Facie* Case for Wrongful Discharge.

Appellant also asserts a wrongful discharge claim.  The District Court properly granted summary judgment as to Appellant's wrongful discharge claim, finding that Appellant failed to establish that he expressed the requisite intent to file a workers' compensation claim because he never filed a claim, asked anyone else to file a claim on his behalf, or otherwise expressed an intention to file a workers' compensation claim.  Appx022-25.

In Pennsylvania, an employer may discharge an at-will employee for any reason or no reason at all.  Geary v. U.S. Steel Corp., 319 A.2d 174, 176 (Pa. 1974). The Supreme Court of Pennsylvania has recognized a narrow exception to the at-will employment doctrine, prohibiting employers from terminating employees who seek worker's compensation benefits.  Shick v. Shirey, 716 A.2d 1231, 1233 (Pa. 1998).

However, "although courts interpreting Schick have allowed plaintiffs to seek redress for workers' compensation retaliation without actually filing a workers' compensation claim, those courts have nevertheless kept the focus on what the *plaintiff did* to engage in protected activity." Bamat v. Glenn O. Hawbaker, No. 18-1898, 2019 WL 3387660, at *2 (M.D. Pa. July 26, 2019) (emphasis added). Thus, if a plaintiff alleges that he was fired for seeking workers' compensation benefits but never actually filed a claim, "it is still the plaintiff who must (1) report the work-related injury; and (2) *express to his employer his intent to file a workers' compensation claim*." Id. See also Larochelle v. Wilmac Corp., No. 17-3349, 2019 WL 1769077, at *5 (3d Cir. 2019) (affirming grant of summary judgment; mere fact that employer was aware of injury was not sufficient) (emphasis added); Worthington v. Chester and Marina, LLC, No. 17-1360, 2018 WL 6737447, at *9 (E.D. Pa. Dec. 21, 2018) (granting summary judgment; plaintiff had adduced insufficient evidence that he expressed an intent to file a workers compensation claim before his employment was terminated).

On appeal, Appellant does not dispute that he did not express the requisite intent.  For good reason:  Appellant admitted that he did not have discussions with anyone regarding an intent to file a workers' compensation claim.  App. Br. at 4-5.  He never asked anyone to file a Workers' Compensation claim for him.  Appx053 at 45:10-24.  Nor did he ever have any discussions with anyone regarding the filing of a Workers' Compensation claim.  Id.   In fact, he admitted in sworn testimony that he did not believe that he was discharged for filing or potentially filing a Workers' Compensation claim: "I don't remember ever saying I was discharged for filing a Workers' Compensation claim…"  Appx055 at 50:3-12.

Nevertheless, Appellant contends on appeal that he should be relieved of the obligation to satisfy the "intent" requirement because his intent to file a workers' compensation claim should have been "reasonably inferred."   App. Br. at 40.  Appellant does not and, indeed cannot, cite a case to support his argument that this Court should "reasonably infer[]" that he intended to file a workers' compensation claim.   Rather, Appellant argues that "in many legal scenarios" intent may be "inferred depending on the circumstantial evidence."  Id.  While that may be true, there is no basis under Pennsylvania law to eviscerate the intent element in a wrongful discharge claim.  And this Court should not expand Pennsylvania law in such an unprecedented and unsupported way.  Camden Cnty. Bd. of Chosen Freeholders v. Beretta, U.S.A. Corp., 273 F.3d 536, 541 (3d Cir. 2001) ("It is not the

role of a federal court to expand or narrow state law in ways not foreshadowed by state precedent.").

Since Appellant did not express an intent to file a worker's compensation claim, he is trying to change the focus. He is instead arguing that he should be permitted to pursue a claim based on Allison Crane's alleged misconduct. Appellant has not cited a single case to support his argument that a litigant may state a claim for wrongful discharge by claiming that he was somehow "actively misled" by his employer about his rights under applicable law. Cf. App. Br. at 40. As the District Court correctly stated, "the **focus must always remain on <u>what the plaintiff did</u> to engage in protected activity**, rather than on what the employer may have done." (Court's Opinion at 21, citing <u>Batmat v. Glenn O. Hawbaker, Inc.</u>, No. 4:18-CV-01898, 2019 WL 3387660, at *2 (M.D. Pa. July 26, 2019) (cleaned up).) The District Court's findings in this regard are consistent with this Court's previous holding in <u>Larochelle</u>, which held that a plaintiff's wrongful discharge claim failed as a matter of law because there was no evidence that defendants were aware of plaintiff's intent to file a workers' compensation claim. <u>Larochelle</u>, 210 F. Supp. 3d at 716.

The District Court's findings are also consistent with other decisions from trial courts across this Circuit. For example, in <u>Donovan v. A-Valley Engineers, Inc.</u>, No. 1:17-CV-04011, 2020 WL 5422809 (D.N.J. Sept. 10, 2020), the court, on

summary judgment, was confronted with record evidence showing that while plaintiff had had a conversation with his employer about workers' compensation, he failed to produce evidence showing that he had any conversations with his employer about ***submitting*** a workers' compensation claim. Id. at *5.  Plaintiff's deposition testimony stated:

> I told [my employer] the doctor recommended me having surgery and that I would probably be out of work for three to six months with the physical therapy. Depending on how the shoulder healed. So before I could say yes – he said, don't worry about it, you can do paperwork for me in the office. **We have a lot of work we need to do and I'll still pay you <u>so you don't have to file a Workman's comp claim</u>.**

Id. (emphasis added).  The Court, relying upon <u>Smith</u> and <u>Larochelle</u>, ultimately held that notwithstanding the conversation wherein the plaintiff's employer had mentioned workers' compensation, plaintiff had failed to show that he engaged in protected activity because he had failed to provide evidence that ***<u>he</u>*** had expressed any intent to submit a claim.  <u>Id</u>.

Here, Appellant has similarly failed to adduce evidence that he ever expressed an intent to file a workers' compensation claim.  Appellant does not contend otherwise.  He cannot evade his own failure to establish the requisite intent by arguing that a wrongful discharge claim should be extended by eliminating the intent requirement.  Accordingly, the District Court properly granted summary judgment as to Appellant's wrongful discharge claim.

**E.    Appellant Did Not State a Separate Claim for Retaliation; In Any Event, His Retaliation Claim Fails With His Failure to Accommodate Claim.**

As a last ditch effort to maintain some claim here, Appellant contends that the District Court failed to reject his retaliation claim and, for that reason the retaliation claim should proceed.  Again, Appellant is mistaken.

To set the stage, as Appellant concedes, he only used the word "retaliation" twice in his complaint.  App. Br. at 42.  Allison Crane did not understand Appellant to be moving separately on a retaliation claim.  Rather, Allison Crane believed that, to the extent there was retaliation, it was coextensive with and dependent upon the alleged failure to accommodate.  The only time "retaliation" was used in the body of the complaint, it was to refer to the accommodation claim:  "Plaintiff was terminated because of [1] his actual and/or perceived disabilities, [2] his record of impairment and/or **[3] his requested accommodation(s), which also constitutes unlawful retaliation**."    Appx511-512.    Consequently, Allison Crane did not separately address a retaliation claim in its motion for summary judgment, which sought dismissal of the case in its entirety.

Appellant now tries to resurrect a retaliation claim – and devotes six pages to discussing it extensively.  App. Br. at 42.  Appellant's attention to this claim on appeal is ironic given that he did not mention the retaliation claim a single time in any brief to the District Court and only twice mentioned the word "retaliation" in his

complaint. To the extent that Appellant has a claim for retaliation, it is entirely duplicative of his failure to accommodate claim. Appellant does not dispute that the factual record is the same for both claims. <u>Cf</u>. App. Br. at 45. And he concedes that the protected activity was his request for light duty accommodation for his injuries. <u>Id</u>. at 46. As such, the retaliation claim is dependent upon an alleged failure to accommodate. It does not exist as a standalone claim. It follows that if the failure to accommodate claim fails, then the retaliation claim fails too. <u>Gardner v. SEPTA</u>, 410 F. Supp. 3d 723, 746 (E.D. Pa. 2019) (granting summary judgment on a retaliation claim because the plaintiff "cannot repackage his failure to accommodate claim into a separate claim for retaliation). <u>See also</u> <u>Stewart v. Happy Herman's Cheshire Bridge, Inc.</u>, 117 F.3d 1278, 1288 (11th Cir. 1997) (at summary judgment, refusing to address "retaliation" claims that were based on simple refusals to accommodate Plaintiff because those acts "relate directly to her 'reasonable accommodation' discrimination claim, not her retaliation claim"); <u>Daley v. Cablevision Sys. Corp.</u>, 2016 WL 880203, at *7 (S.D.N.Y. Mar. 7, 2016) (at summary judgment, "though requesting a reasonable accommodation of a disability is an ADA-protected activity, any activity comprising Plaintiff's failure-to-accommodate claim cannot also constitute protected activity such as that required to form the basis of a retaliation claim."); <u>Missick v. City of New York</u>, 707 F. Supp. 2d 336, 356 (E.D.N.Y. 2010) (at summary judgment, "Defendants'

alleged failure to accommodate Plaintiff's disability subsequent to an ADA protected request cannot be bootstrapped into a viable disability retaliation claim.)

## **CONCLUSION**

It is Appellant Andrew Morgan's burden to prove his allegations at summary judgment and his burden to show the error on appeal.  Appellant has not done either. As a result, this Honorable Court should affirm the District Court's order dismissing this claim in its entirety.

Dated:  November 3, 2023                    Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY, PC**

*s/ Paul S. Mazeski*
Paul S. Mazeski, Esq.
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
412-562-8800 (P)
412-562-1041 (F)
paul.mazeski@bipc.com

*Attorney for Appellee*

## **REQUEST FOR ORAL ARGUMENT**

Appellee Allison Crane and Rigging LLC does not believe that oral argument is necessary.  To the extent that the Court feels that the decisional process will be aided by oral argument, Allison Crane is glad to participate.

## <u>CERTIFICATE OF WORD COUNT</u>

The undersigned counsel certifies that:

1.     This document complies with the word limit of Fed. R. App. P. 32(g) and Fed. R. App. P. 27(d)(2(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 10,545 words.

2.     This document complies with, the typeface requirements of Fed. R. App. P. 32(a)(5), and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Office Word 2016 in 14-point Times New Roman font.

Dated:  November 3, 2023          Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY, PC**

*s/ Paul S. Mazeski*
Paul S. Mazeski, Esq.
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
412-562-8800 (P)
412-562-1041 (F)
paul.mazeski@bipc.com

*Attorney for Appellee*

## CERTIFICATION OF BAR MEMBERSHIP

I hereby certify that I am a member in good standing of the bar of the United

States Court of Appeals for the Third Circuit.

Dated:  November 3, 2023                Respectfully submitted,

                                        **BUCHANAN INGERSOLL & ROONEY, PC**

                                        *s/ Paul S. Mazeski*
                                        Paul S. Mazeski, Esq.
                                        Union Trust Building
                                        501 Grant Street, Suite 200
                                        Pittsburgh, PA 15219
                                        412-562-8800 (P)
                                        412-562-1041 (F)
                                        paul.mazeski@bipc.com

                                        *Attorney for Appellee*

## CERTIFICATION OF VIRUS CHECK

I hereby certify that this filing was scanned for viruses using Internxt virus

scanning software and no such viruses were found.

Dated:  November 3, 2023                Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY, PC**

*s/ Paul S. Mazeski*
Paul S. Mazeski, Esq.
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
412-562-8800 (P)
412-562-1041 (F)
paul.mazeski@bipc.com

*Attorney for Appellee*

## CERTIFICATION OF IDENTICAL BRIEFS

I hereby certify that the electronically filed version of this brief is identical

to those bound copies to be filed with the Clerk's office.

Dated:  November 3, 2023                    Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY, PC**

*s/ Paul S. Mazeski*
Paul S. Mazeski, Esq.
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
412-562-8800 (P)
412-562-1041 (F)
paul.mazeski@bipc.com

*Attorney for Appellee*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Appellee's Brief was served upon counsel of record for Appellee by ECF and third-party commercial carrier this 3rd day of November, 2023.

Dated:  November 3, 2023                  Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY, PC**

*s/ Paul S. Mazeski*
Paul S. Mazeski, Esq.
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
412-562-8800 (P)
412-562-1041 (F)
paul.mazeski@bipc.com

*Attorney for Appellee*

4882-7007-5524, v. 5