# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

NO. 23-1747

## ANDREW MORGAN

*Plaintiff / Appellant,*

vs.

## ALLISON CRANE & RIGGING LLC

*Defendant / Appellee.*

## REPLY BRIEF OF APPELLANT

On Appeal from the Final Order of Judgment in the United States District Court for the Middle District of Pennsylvania on April 18, 2023, at No. 21-cv-00533-MWB

KARPF, KARPF & CERUTTI P.C.

W. Charles Sipio, Esq.
3331 Street Road
Two Greenwood Sq., Suite 128
Bensalem, PA 19020
(T) 215-639-0801
csipio@karpf-law.com

*Counsel for Appellant, Andrew Morgan*

# **TABLE OF CONTENTS**

**I.   APPELLEE MISREPRESENTS PRECEDENT REGARDING THE ESTABLISHMENT OF AN "ACTUAL" DISABILITY AND DISTORTS THE RECORD**............................................................................................1

**II.   APPELLEE'S CONTENTION THAT BOTH APPELLANT AND THE EEOC ARE WRONG ABOUT MACFARLAN IS SERIOUSLY MISGUIDED** 5

**III.   APPELLEE'S ARGUMENTS AS TO THE "REGARDED AS" ANALYSIS ALSO FAIL** ...........................................................9

**V.   APPELLEE WANTS THIS COURT TO IGNORE THAT A JURY COULD CONCLUDE IT MISLED APPELLANT ABOUT HIS WORKERS' COMPENSATION RIGHTS**........................................................13

**VII.   CONCLUSION**..............................................................20

**CERTIFICATION OF WORD COUNT** ...........................................22

**CERTIFICATION OF VIRUS CHECK** .............................................23

**CERTIFICATION OF IDENTICAL BRIEFS** ...................................24

**CERTIFICATION OF SERVICE**.....................................................25

# **TABLE OF CITATIONS**

Cases

Anderson v. Deluxe Homes of Pa, Inc., 131 F. Supp. 2d 637, 649 (M.D. Pa. 2001) ....................................................................................................................10

Bangura v. Pennsylvania, 793 F. App'x 142 (3d Cir. 2019)....................................6

Barnard v. Lackawanna Cty., 2017 U.S. Dist. LEXIS 156387, at *15 (M.D. Pa. Sep. 25, 2017) ........................................................................................................18

Bell v. O'Reilly Auto Enters., LLC, 2018 U.S. Dist. LEXIS 65995 (D. Me. Apr. 19, 2018) .......................................................................................................................19

Bouriez v. Carnegie Mellon Univ., 2005 U.S. Dist. LEXIS 18324, at *24 (W.D. Pa. Aug. 26, 2005) ..........................................................................................................4

Brearey v. Brennan, 2019 U.S. Dist. LEXIS 1533, at *11 (E.D. Pa. Jan. 3, 2019)...2

Bush v. Donahoe, 964 F. Supp. 2d 401 (W.D. Pa. 2013) ....................................6, 7

Celotex Corp. v. Catrett, 477 U.S. 317, 327, 91 L. Ed. 2d 265, 106 S. Ct. 2548(1986)....................................................................................................................5

Coady v. Vaughn, 564 Pa. 604, 770 A.2d 287, 288 (Pa. 2001) ..............................15

Cotz v. Mastroeni, 476 F. Supp. 2d 332, 370 (S.D.N.Y. 2007) .................................4

Donovan v. A-Valley Eng'rs, Inc., 2020 U.S. Dist. LEXIS 165181, at *15 (D.N.J. Sep. 9, 2020) ....................................................................................................13, 14

Eastman v. Research Pharm., Inc., 2013 U.S. Dist. LEXIS 107935, at *31, n.14 (E.D. Pa. July 31, 2013)..............................................................................................3

Edwards v. Ill. Dep't of Fin. & Prof'l Regulation, 2017 U.S. Dist. LEXIS 77096, at *9 (N.D. Ill. May 22, 2017) .....................................................................................17

Eshleman v. Patrick Indus., 961 F.3d 242 (3d Cir. 2020)...........................................9

Fiore v. White, 562 Pa. 634, 757 A.2d 842, 843 (Pa. 2000)....................................15

Garner v. School District of Philadelphia, 63 F.Supp.3d 483 (E.D. Pa. 2014)..18, 19

Hamilton v. Westchester Cnty., 3 F.4th 86, 94 (2d Cir. 2021) .................................7

Hofacker v. Wells Fargo Bank Nat'l Ass'n, 179 F. Supp. 3d 463, 466 (E.D. Pa. 2016) .........................................................................................................................13

Macfarlan v. Ivy Hill SNF, LLC, 675 F.3d 266 (3d Cir. 2012) ....................6, 7, 8, 9

Malzberg v. N.Y. Univ., 2022 U.S. Dist. LEXIS 54375, at *35-36 (S.D.N.Y. Mar. 25, 2022) ...................................................................................................................4

Maxwell v. Verde Valley Ambulance Co., 2014 U.S. Dist. LEXIS 127370, at *18 (D. Ariz. Sep. 10, 2014) ...........................................................................................3

Mitchell v. Cont'l Airlines, Inc., 2014 U.S. Dist. LEXIS 37316 (D.N.J. Mar. 20, 2014) .........................................................................................................................8

Parrotta v. PECO Energy Co., 363 F. Supp. 3d 577 (E.D. Pa. 2019) ...................1, 2

Philbin v. Trans Union Corp., 101 F.3d 957, 961 (3d Cir. 1996) .............................5

*Pinto v. N.Y.C. Admin. for Children's Servs.*, 2018 U.S. Dist. LEXIS 154778 (S.D.N.Y. Sep. 11, 2018)...................................................................19

*Poper v. SCA Ams., Inc.*, 2012 U.S. Dist. LEXIS 113653, 2012 WL 3288111 (E.D. Pa. Aug. 13, 2012)........................................................................3

*Porter v. Merakey Parkside Recovery*, 2022 U.S. Dist. LEXIS 179364 (E.D. Pa. Sep. 29, 2022) ...........................................................................2

*Robinson v. Hartzell Propeller Inc.*, 326 F.Supp.2d 631, 645 (E.D.Pa. 2004)..........5

*Rupert v. Liberty Mut. Ins. Co.*, 291 F.3d 243, 244 (3d Cir. 2002)........................15

*Sedarous v. Henry Ford Health Sys.*, 2020 U.S. Dist. LEXIS 132232, at *8 n.1 (E.D. Mich. July 27, 2020) ...............................................................7

*Sharbaugh v. W. Haven Manor, LP*, 2016 U.S. Dist. LEXIS 161264, at *81 (W.D. Pa. Nov. 21, 2016)......................................................................18

*Shelton v. Rest..com, Inc.*, 2011 U.S. App. LEXIS 26594, at *2 (3d Cir. Feb. 10, 2011) .....................................................................................15

*Thomas v. Trs. of the Univ. of Pa.*, No. 17-5194, 2020 U.S. Dist. LEXIS 11056, at *11 (E.D. Pa. Jan. 23, 2020) ..............................................................8

*United States v. Johnson*, 481 U.S. 681, 700 (1987)..................................................6

*United States v. Marcus*, 560 U.S. 258, 262 (2010) ..................................................8

*Veith v. Tyson Fresh Meat, Inc.*, 2022 U.S. Dist. LEXIS 54077 (M.D. Tenn. Apr. 26, 2022) ....................................................................................19

*Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751 (3d Cir. 2004) .............18

*Williams v. Phila. Hous. Auth.*, 230 F. Supp. 2d 631 (E.D. Pa. 2002) .............18, 19

*Williams v. West Chester*, 891 F.2d 458, 466 (3d Cir. 1989) ....................................5

*Wyatt v. Nissan N. Am., Inc.*, 2019 U.S. Dist. LEXIS 211034 at *16 (M.D. Tenn. Dec. 6, 2019)..................................................................................19

Rules

Fed.R.App.P. 31(a)(1) .................................................................................1

Fed.R.Civ.P. 56(f)(2) ................................................................................20

Appellant hereby submits the following reply brief to Appellee's opposition filed on November 3, 2023 (ECF Doc. 33) pursuant to Fed.R.App.P. 31(a)(1). In doing so and mindful of the pagination limitations of this Court, Appellant does not address each issue raised by the Appellee's opposition brief. Appellant will attempt to confine argument to core issues with the arguments raised by the Appellee.

## I.     APPELLEE MISREPRESENTS PRECEDENT REGARDING THE ESTABLISHMENT OF AN "ACTUAL" DISABILITY AND DISTORTS THE RECORD

In its brief, Appellee cites to several cases supporting a specious premise, i.e. that the only evidence Appellant had to substantiate an "actual" disability was his "own self-serving testimony." Putting aside that ignores other evidence in the record (*such as notes from the chiropractor regarding Appellant's limitations*) many of these cases are easily distinguishable. In fact, Appellee's citations are misleading in complete context.

In Parrotta v. PECO Energy Co., 363 F. Supp. 3d 577 (E.D. Pa. 2019) for example, the district court rejected that the employee had a disability **because the medical evidence was "to the contrary"**. Parrotta, 363 F. Supp. 3d at 592. A doctor had cleared the employee to return to work—8 months before his termination. Id. at 592. While the quotation provided by Appellee is accurate, its characterization of the case is not. In Parrotta, the district court seemingly found there was no disability because the plaintiff merely testified he had pain in his left

foot and that his inability to walk was "self-imposed". <u>Id</u>. at 593. Here, whether

Appellee agreed with it or not, Appellant clearly had some medical restrictions

imposed on him by his chiropractor memorialized in a note—**at the time of the**

**adverse employment action**. [1]

Similarly, in <u>Porter v. Merakey Parkside Recovery</u>, 2022 U.S. Dist. LEXIS

179364 (E.D. Pa. Sep. 29, 2022), the plaintiff was involved in a car accident which

caused leg injuries eight years before applying for positions in April 2019. <u>Porter</u> at

*3, *8. He was denied the position and claimed disability discrimination. <u>Id</u>. The

district court concluded there was not a "disability" but primarily because the

plaintiff had not established an impairment that limited a major life activity like

walking or standing. <u>Id</u>. at *20-*21. That is dramatically different from the fact

pattern in this case. Appellant's injury clearly caused him to have trouble with

major life activities such as bending and lifting.

Appellee also cites to <u>Brearey v. Brennan</u>, 2019 U.S. Dist. LEXIS 1533, at

*11 (E.D. Pa. Jan. 3, 2019), a case implicating solely the Rehabilitation Act

(construed almost coextensively with the ADA) against the USPS. In that case, the

plaintiff had a broken ankle that engaged in a significant amount of healing for

---

[1] In other words, whether Appellant was "fully healed" sometime after his termination is really of no moment. Even <u>Parotta</u> recognized that what matters is whether the "disability" could be established as a matter of law "at the time of the adverse action." <u>Id</u>. at 593.

almost a year. <u>Brearey</u> at \*16. In fact, the medical evidence demonstrated the plaintiff had fully healed at the time he was seemingly trying to reintegrate into a USPS position. <u>Id</u>. at \*17.

Similarly, Appellee relies on <u>Poper v. SCA Ams., Inc.</u>, 2012 U.S. Dist. LEXIS 113653, 2012 WL 3288111 (E.D. Pa. Aug. 13, 2012). To the extent <u>Poper</u> does support Appellee's arguments, it is an unpublished and non-binding district court case. Moreover, it has been distinguished by several courts that have considered it. For example, in <u>Maxwell v. Verde Valley Ambulance Co.</u>, 2014 U.S. Dist. LEXIS 127370, at \*18 (D. Ariz. Sep. 10, 2014), the District of Arizona noted that "**<u>Unlike</u>** <u>Poper</u>, Plaintiff has offered **testimony** that **he experienced limitations** due to his leg injury when he worked at [employer]." (**emphasis added**). It was also distinguished by the Eastern District of Pennsylvania in <u>Eastman v. Research Pharm., Inc.</u>, 2013 U.S. Dist. LEXIS 107935, at \*31, n.14 (E.D. Pa. July 31, 2013) ("…the issue in <u>Poper</u> was not that he did not have a history of back problems, but that during the time of his employment with defendant, **there was no evidence that his back problems significantly impaired him.**") (**emphasis added**).

Appellee seems to be advancing a central premise-- because district courts <u>have</u> used medical evidence to establish disability, it is implied the same is <u>required</u> to establish an actual disability. This is simply incorrect.

3

For example, Appellee ignores the core premise which was well articulated in <u>Malzberg v. N.Y. Univ.</u>, 2022 U.S. Dist. LEXIS 54375, at *35-36 (S.D.N.Y. Mar. 25, 2022) ("Thus, while conclusory declarations are insufficient to raise a question of material fact, **<u>non-medical evidence that conveys, in detail, the substantially limiting nature of an impairment may be sufficient to survive summary judgment</u>**.") (**<u>emphasis added</u>**). [2]

But if the Court believed medical evidence was required, Appellee also contends there was no evidence in the record that the chiropractor would have testified at trial. What evidence would there be? There was clearly record evidence that notes were submitted from Appellant's chiropractor. *See e.g.* Appx079. This was not an unknown witness and absent stipulation Appellant would have almost certainly identified him as a witness for trial in his pre-trial memorandum or at any other time required by the district court. The citation to <u>Bouriez v. Carnegie Mellon Univ.</u>, 2005 U.S. Dist. LEXIS 18324, at *24 (W.D. Pa. Aug. 26, 2005) is grossly misleading because it procedurally confuses the burden of the moving party versus that of the non-moving party.

---

[2] Appellee also argues that <u>Cotz v. Mastroeni</u>, 476 F. Supp. 2d 332, 370 (S.D.N.Y. 2007) supports its position, while inexplicably ignoring that the case was decided **<u>before</u>** the relaxed 2008 amendments to the ADA, which are analyzed in more detail in Appellant's opening brief.

As the Eastern District of Pennsylvania has observed "…[t]he Supreme Court has **rejected** the view that the **nonmoving party must produce evidence in a form that would be admissible at trial** in order to avoid summary judgment. Evidence that is **capable of being admissible at trial can be considered on a motion for summary judgment**." Robinson v. Hartzell Propeller Inc., 326 F.Supp.2d 631, 645 (E.D.Pa. 2004) (**emphasis added**) (quoting Williams v. West Chester, 891 F.2d 458, 466 (3d Cir. 1989), Celotex Corp. v. Catrett, 477 U.S. 317, 327, 91 L. Ed. 2d 265, 106 S. Ct. 2548(1986), and Philbin v. Trans Union Corp., 101 F.3d 957, 961 (3d Cir. 1996). The issue in Bouriez revolved around witnesses **the moving party** said it would introduce at trial, **not** the other way around.

For these reasons, Appellant submits the arguments advanced by the Appellee are incorrect and misleading.

## II.    APPELLEE'S CONTENTION THAT BOTH APPELLANT AND THE EEOC ARE WRONG ABOUT MACFARLAN IS SERIOUSLY MISGUIDED

Appellee contends that Appellant and the EEOC are both "arguing that the ADAAA categorically foreclosed any assessment of the duration of the injury for an "actual" disability." That is a distortion of the arguments and the record. The Appellee is ignoring what the EEOC thoughtfully pointed out in its amicus brief--"the district court grafted onto the statute a durational requirement that the text does not reflect." ECF Doc. 26 at *16. Macfarlan v. Ivy Hill SNF, LLC, 675 F.3d

266 (3d Cir. 2012) did not properly apply the pre-2008 ADA amendments and addressed whether the plaintiff was regarded as disabled. As the EEOC put it, the district court's reliance on <u>Macfarlan</u> to reach its conclusion was problematic in the context of an "actual disability" analysis. <u>Id</u>. at *18. Similarly, <u>Bangura v. Pennsylvania</u>, 793 F. App'x 142 (3d Cir. 2019), which is unpublished and not binding[3] also placed a similarly flawed reliance on <u>Macfarlan</u>. The EEOC noted the same in its amicus brief. <u>ECF Doc. 18</u> at *18.

Appellee attempts to reframe the district court's opinion by arguing it was entitled to consider the duration of the injury while ignoring the clear misapplication of this case within the rubric of <u>Macfarlan</u>. The case was wrongly decided and as Justice Scalia once opined in an unrelated case, "…heartily deserves the widespread, almost universal criticism it has received." <u>United States v. Johnson</u>, 481 U.S. 681, 700 (1987). Each case cited by Appellee in support of this contention fails in this regard.

For example, <u>Bush v. Donahoe</u>, 964 F. Supp. 2d 401 (W.D. Pa. 2013) is totally inapposite in context. In that case, the plaintiff had <u>no</u> evidence of any treatment nor any type of evidence of any restrictions as to walking or other daily activities.  <u>Bush</u>, 964 F. Supp. 2nd at 420. Appellee tacitly acknowledges this but

---

[3] See <u>Third Circuit I.O.P. </u>5.3 and 5.7.

fails to point out this material fact that likely led the <u>Bush</u> court towards reaching the conclusion it did.

Another district court distinguished <u>Bush</u> in an ADA case explicitly because the plaintiff there had trouble performing manual tasks due to a wrist injury. <u>Sedarous v. Henry Ford Health Sys.</u>, 2020 U.S. Dist. LEXIS 132232, at *8 n.1 (E.D. Mich. July 27, 2020) ("Here, unlike in <u>Bush</u>…..Plaintiff alleged that he could not perform "manual tasks"—a major life activity—due to his wrist injury.") There was clearly record evidence in this case that Appellant's injury impacted major life activities (like lifting or bending). Appx386.

Appellee goes even further and suggests the EEOC is advocating for a rule wherein "any" short-term injury is a disability. As Appellant noted in his opening brief, one issue here is whether his injury was substantially limiting within the meaning defined by Congress to constitute a disability. The district court effectively concluded that the ADA requires a minimum duration for an injury where no such requirement exists by relying almost exclusively on <u>Macfarlan</u>. Appx018 ("The Third Circuit in <u>Macfarlan v. Ivy Hill SNF, LLC</u> reiterated that a temporary non-chronic impairment of short duration is not a disability covered by the ADA and PHRA."). *See also* <u>Hamilton v. Westchester Cnty.</u>, 3 F.4th 86, 94 (2d Cir. 2021) ("The statute does not suggest that there is any duration that is too short[.]") In other words, the district court clearly applied Appellant's claims

incorrectly within the lens of <u>Macfarlan</u>. It effectively concluded any short-term impairment is categorically not a disability. Appx018-Appx019.

Appellee says the EEOC acknowledges "that numerous district courts continue to consider the duration of the disability as a factor in assessing whether an 'actual disability' is established." But Appellee ignores the fact that decisions like <u>Mitchell v. Cont'l Airlines, Inc.</u>, 2014 U.S. Dist. LEXIS 37316 (D.N.J. Mar. 20, 2014) also suffer from a fundamentally flawed reliance on <u>Macfarlan</u>.[4] All of these cases reached conclusions based on plain error—i.e. reliance on a case that **<u>clearly</u>** did not properly consider the 2008 amendments to the ADA. <u>United States v. Marcus</u>, 560 U.S. 258, 262 (2010) (For an error to be plain it must be "clear or obvious, rather than subject to reasonable dispute."); <u>Thomas v. Trs. of the Univ. of Pa.</u>, No. 17-5194, 2020 U.S. Dist. LEXIS 11056, at *11 (E.D. Pa. Jan. 23, 2020) (recognizing that <u>Macfarlan</u> was an intentional application of the pre-amendment ADA standard).

The Appellant and EEOC are seemingly advocating for the same result in this appeal, which is for this Court to recognize that a back injury like this one could have constituted an "actual disability" within the meaning of the ADA. No

---

[4] The EEOC took this position as well in its amicus brief noting cases that have considered a durational requirement have explicitly relied on either <u>Macfarlan</u> or <u>Rinehimer v. Cemcolift, Inc.</u>, 292 F.3d 375 (3d Cir. 2002). *See* <u>ECF Doc. 26</u> at *18-*19.

party or amicus is advocating for broad pronouncement that **any** type of short-term disability is a "disability" as Appellee disingenuously suggests in its brief. *See* ECF Doc. 26 at *15 ("Put another way, a jury could reasonably conclude that the general population can walk, sit, bend, and lift up to thirty pounds without the type of pain Morgan experienced.") This is not a case of an employee who stubbed his toe or had the sniffles at work.

For these reasons, this Court should fundamentally reject the false premise of Appellee's arguments relative to Macfarlan and conclude the district court committed reversible error.

## III. APPELLEE'S ARGUMENTS AS TO THE "REGARDED AS" ANALYSIS ALSO FAIL

First, Appellee contends that Appellant "does not contest" the district court's findings about the nature of his injuries and the district court's conclusion about the Appellee's perception of the injuries. That is factually incorrect. In footnote 5 of his brief, Appellant explicitly stated that the district court appeared to grant zero weight to any other factors aside from the Appellee's perception of his injury. ECF Doc. 19 at *38, n.5.

Second, Appellant notes that Appellee has failed to adequately address this Court's holding in Eshleman v. Patrick Indus., 961 F.3d 242 (3d Cir. 2020). In defining the injury as "minor", Appellee merely relies on the district court's interpretation of the record as opposed to the actual citations to the record cited by

Appellant. ECF Doc. 33 at *40. Eshelman explicitly recognized that a minor back injury could be considered minor, but not transitory within the meaning of EEOC interpretative guidance. Eshelman, 961 F3d at 248. And again, this Court also recognized the converse must be true—if an impairment is transitory but non-minor, it must fall outside of the "transitory and minor" exception. Id.

With respect to the transitory aspect, Appellee states "Appellant's fears about potentially suffering another back injury at some hypothetical point in the future are entirely beside the point." ECF Doc. 33 at *41. 29 C.F.R. § 1630.15(f) lays out a defensive burden for a regarded as claim (and Appellee effectively concedes this is an affirmative defense). The regulation states the burden is **on the employer** to objectively establish the impairment was transitory and minor.

Appellee failed to meet that burden and its sweeping conclusion to the contrary in its brief ignores a plethora of record evidence. But in any event, a defendant "must incontrovertibly prove his affirmative defense, because his goal is to take the case away from the jury. If the plaintiff shows any genuine issue of material fact (as to the affirmative defense or otherwise), the defendant loses the motion." Anderson v. Deluxe Homes of Pa, Inc., 131 F. Supp. 2d 637, 649 (M.D. Pa. 2001). There were clearly disputes of material fact on this point sufficient that a jury should have been left to decide the question.

Appellee states that it understood Appellant had a thirty ("30") pound lifting restriction for another week or two and therefore he conclusively had a "transitory and minor" injury. <u>ECF Doc. 33</u> at *42. That is just belied by the record. For example, Appellant testified he could not perform his work assignment because he was unable to sit for a round trip drive to Syracuse, New York for six hours because of his back. Appx189 at 41:16-25. He also told the dispatcher he could work light duty assignments. Appx190-191 at 42:1-13 and 46:1-10. Appellant also shared his back inflammation concerns with another dispatcher. Appx190 at 42:16-43:3. Appellant was terminated a day later. Appx189-190 at 38:16-25, 40:9-18, 41:16-25, 42:1-13; Appx212; Appx243 at 39:5-7; Appx250 at 66:14-17; Appx310 at 35:16-36:2. Moreover, the allegation that Appellee discouraged the filing of a workers' compensation claim would inform a jury of its perception of Appellant.

There were disputes of material fact precluding summary judgment in the court below. Appellee failed to meet any burden to establish the injury was merely transitory and minor for purposes of defeating a "regarded as" claim.

### IV.    <u>APPELLEE'S INTERPRETATION OF THE RECORD FOR THE FAILURE TO ACCOMMODATE CLAIM IS INACCURATE AND FURTHER DEMONSTRATES WHY SUMMARY JUDGMENT WAS INAPPROPRIATE</u>

Seemingly for the first time on appeal, Appellee is claiming there is a contradiction between Appellant's request for light duty and text messages he sent.

ECF Doc. 33 at *44. That was not substantively raised in the Appellee's brief in support of its motion for summary judgment in the court below. On appeal, Appellee claims that Appellant "concocted" a "new explanation" for his failure to show up for work for "litigation strategy", but there is no evidence at all in the record to support this attack (and unsurprisingly none is cited). ECF Doc. 33 at *45. It is truly grasping at straws, and it is inappropriate.

Appellee wholly ignores the testimony in this case that Appellant spoke to the dispatcher about his inability to drive a long distance. Sitting in a vehicle involves bending (for example, sitting in the seat or leaning forward while seated to operate vehicle controls, etc.) and even Appellee acknowledges that "bending" was a limitation imposed by the chiropractor. ECF Doc. 33 at *44. He was terminated **a day after requesting an accommodation** and that can hardly be a good faith engagement in the interactive process. There is no evidence Appellee's management even tried to work with Appellant to see if he could be accommodated in any way after the call with the dispatcher. Appellee simply fired him, and this was clearly a dispute of material fact to be resolved by a jury.

Again, this type of case differs wholly from those cited by the Appellee. In those cases, the record typically revolved around **some** back and forth between the employer and employee. For example, on a motion to dismiss, Hofacker v. Wells

Fargo Bank Nat'l Ass'n, 179 F. Supp. 3d 463, 466 (E.D. Pa. 2016) involved a two to three week back and forth wherein the defendant employer wanted to conduct a functional capacity evaluation of the employee following an accommodation request.

For these reasons and those advanced in his opening brief, the district court erred in granting summary judgment as to Appellant's failure to accommodate claim.

## V.     APPELLEE WANTS THIS COURT TO IGNORE THAT A JURY COULD CONCLUDE IT MISLED APPELLANT ABOUT HIS WORKERS' COMPENSATION RIGHTS

To support its contention that Appellant cannot establish a common law wrongful discharge claim, Appellee cites to an unreported decision of the District of New Jersey which was tasked with interpreting Pennsylvania law. Donovan v. A-Valley Eng'rs, Inc., 2020 U.S. Dist. LEXIS 165181, at *15 (D.N.J. Sep. 9, 2020).

First, Donovan is non-precedential, and it is the only case Appellee really cites to support its arguments. This, notwithstanding its contention that its position

on appeal is supported by "decisions from trial courts across this Circuit".[5] Second, the facts of <u>Donovan</u> are distinguishable, even if Appellee believes they are not. In that case, the employee had a meeting with his supervisor and clearly informed him of a work-related injury. <u>Donovan</u> at *13. He also provided testimony which Appellee accurately recounts in its opposition. Here, the district court acknowledged that Appellant was at least arguing and alleging Appellee discouraged him from filing a claim. Appx024.

The record in <u>Donovan</u> at best might have been considered mild or gentle discouragement, which should have been found to be enough. But here Bonislawski and Ungard specifically informed Appellant that **he did not qualify** for workers' compensation benefits even though his injury occurred at work. Appx191 at 49:8-12. That is wholly distinguishable from a <u>Donovan</u>-like employer acknowledging that workers' compensation benefits might be available but offering to pay the employee instead. This was an employer clearly trying to avoid a workers' compensation claim from being filed. If the Court accepts a jury could conclude that as true, affirmance will set a terrible precedent impacting a

---

[5] Appellant submits <u>Donovan</u> was incorrectly decided for the reasons advanced in his opening brief and those raised herein.

significant public policy issue for Pennsylvania employees. It is a factually

distinguishable scenario from some other cases addressing this type of claim. [6]

For these reasons, Appellee's arguments as to the common law claim should

also be rejected.

### VI. APPELLEE CONCEDES IT FAILED TO MOVE FOR SUMMARY JUDGMENT ON THE RETALIATION CLAIM, BUT BLAMES APPELLANT WITHOUT ANY FACTUAL OR LEGAL JUSTIFICATION

In what Appellee disingenuously characterizes as a "last ditch" effort to

maintain and "resurrect" a claim (that he pleaded clearly in the first instance), it

**explicitly** concedes it did not move for summary judgment on the ADA/PHRA

retaliation claim. ECF Doc. 33 at *50. Yet, in doing so, it shockingly blames

Appellant for its own failure to analyze or read the complaint. Appellee falsely

claims the only time the word retaliation was used in the complaint was in the

---

[6] And to the extent this Court believes it merited, it may consider certifying this state law question to the Supreme Court of Pennsylvania. *See* Rupert v. Liberty Mut. Ins. Co., 291 F.3d 243, 244 (3d Cir. 2002) ("The Pennsylvania Supreme Court accepts questions of law upon certification from a United States Court of Appeals or the United States Supreme Court pursuant to its Internal Operating Procedures."); Coady v. Vaughn, 564 Pa. 604, 770 A.2d 287, 288 (Pa. 2001); Fiore v. White, 562 Pa. 634, 757 A.2d 842, 843 (Pa. 2000). *See also* Shelton v. Rest..com, Inc., 2011 U.S. App. LEXIS 26594, at *2 (3d Cir. Feb. 10, 2011) (referring a New Jersey state law question to the Supreme Court of New Jersey following oral argument because it raised important and unresolved questions of state law.)

body. Appellant used the word retaliation in **both** the **body** of Count I and in its **heading** which was referenced in his opening brief. Appx511-512. Additionally, it was **also** raised in Count II for the PHRA claim. <u>Id</u>. Thus, Appellee's distortion of the pleadings should be rejected.

Appellant had no obligation in the court below to point out to Appellee or the district court that the Appellee failed to move for a full dismissal of all counts pursuant to Fed.R.Civ.P. 56. Appellee cannot cite to any case law to support its contention that Appellant was somehow required to alert either the district court or the adverse party they had failed to brief an issue either. For these reasons, this Court should simply find argument on the retaliation claims was waived and remand as to those counts.

But, if the Court did not accept that waiver occurred, Appellee's argument that it thought the retaliation claim was "coextensive" with the retaliation claim is absurd and ostensibly an afterthought on appeal. As stated in his brief, a *prima facie* retaliation claim is analyzed under a different <u>McDonnell Douglas</u> rubric than a failure to accommodate claim. For example, a failure to accommodate claim would not consider a causal connection. Saying "it does not exist" as a standalone claim is wrong both legally and in context. *See* <u>ECF Doc. 33</u> at *51.

Additionally, Appellee does not get to dictate in a *post hoc* manner on appeal what constituted protected activity in Appellant's case-in-chief. As referenced in Appellant's opening brief, there were multiple instances of what could have constituted protected activity for purposes of a retaliation claim such as notifying the Appellee of the work injury, requesting accommodations for his injury (both through the chiropractor's note(s) and through the dispatcher).[7] In other words, the entire spectrum of what could have been considered protected activity for purposes of a retaliation claim was not briefed nor considered by the court below in the first instance.

To dispel any confusion, courts have held right or wrong that "an **allegation of failure to accommodate** cannot serve as an adverse action for an ADA retaliation claim because it merely restates an underlying failure to accommodate claim." Edwards v. Ill. Dep't of Fin. & Prof'l Regulation, 2017 U.S. Dist. LEXIS 77096, at *9 (N.D. Ill. May 22, 2017) (**emphasis added**). However, that is **different** from alleging that an employee was subjected to adverse employment action **because** he or she requested a reasonable accommodation.

---

[7] Appellee also acknowledges that the body of the complaint used the "plural" of requested accommodations.

For example, in <u>Barnard v. Lackawanna Cty.</u>, 2017 U.S. Dist. LEXIS 156387, at *15 (M.D. Pa. Sep. 25, 2017)[8], the district court concluded that the plaintiff was repackaging a failure-to-accommodate claim when the sole allegation was she was denied an accommodation and then unable to return to work. Here, there is a **separate** adverse employment action of a termination alleged **because of** engagement in protected activity (*without engagement in the interactive* process).

Most decisions concluding that failure-to-accommodate and retaliation claims cannot be "lumped" together are 1.) outliers and incorrect statements of the law and/or 2.) misunderstood in context. This was observed by the Western District of Pennsylvania in <u>Sharbaugh v. W. Haven Manor, LP</u>, 2016 U.S. Dist. LEXIS 161264, at *81 (W.D. Pa. Nov. 21, 2016) (Conti, J.) (disapproving of <u>Garner v. School District of Philadelphia</u>, 63 F.Supp.3d 483 (E.D. Pa. 2014) and <u>Williams v. Phila. Hous. Auth.</u>, 230 F. Supp. 2d 631 (E.D. Pa. 2002)[9]). In analyzing whether the claims are duplicative, the <u>Sharbaugh</u> court thoughtfully observed that:

> As an initial matter, both the district court and the court of appeals examined Williams' failure to accommodate and retaliation claims on their merits, **which alone indicates that neither decision could stand**

---

[8] The reliability of this decision is also questionable too insofar as it relied on cases criticized by the Western District of Pennsylvania and other district courts as explained below.

[9] This was reviewed by this Court in <u>Williams v. Phila. Auth. Police Dep't</u>, 380 F.3d 751 (3d Cir. 2004) on the merits of the retaliation claim.

**for the proposition that failure to accommodate and retaliation claims can never be pursued in the same case**.

Id. at *80 (**emphasis added**). *See also* Bell v. O'Reilly Auto Enters., LLC, 2018 U.S. Dist. LEXIS 65995 (D. Me. Apr. 19, 2018) (rejecting Garner and Williams and otherwise holding a retaliation claim could proceed forward as a standalone claim insofar as summary judgment was denied on the failure to accommodate claim).

A similar argument was rejected by the Middle District of Tennessee in Veith v. Tyson Fresh Meat, Inc., 2022 U.S. Dist. LEXIS 54077 (M.D. Tenn. Apr. 26, 2022) (*citing* Wyatt v. Nissan N. Am., Inc., 2019 U.S. Dist. LEXIS 211034 at *16 (M.D. Tenn. Dec. 6, 2019); Pinto v. N.Y.C. Admin. for Children's Servs., 2018 U.S. Dist. LEXIS 154778 (S.D.N.Y. Sep. 11, 2018)). There, the defendant argued the claims were "repackaged" and lumped together and the court rejected it by calling out the same logic Appellant presents here:

> The facts in Wyatt and Pinto are simply different from the facts here. In the present action, the act of retaliation Plaintiff alleges was **not Defendant's refusal to provide her requested accommodations**, but rather was **Defendant's termination of her from her position as a Production Supervisor**. Because Plaintiff alleges that she was terminated **because of** her request for accommodation, not merely that Defendant declined to grant her an accommodation and that this in turn led effectively to her termination, her claim avoids the problem of Wyatt and Pinto.

Veith, at *37 (**emphasis added**).

If one followed Appellee's line of reasoning, no employee would ever be permitted to assert a retaliation claim when he or she is subjected to an adverse employment action following an accommodation request. That would, of course, be an absurd result inconsistent with the anti-retaliation provisions of the ADA/PHRA.

The arguments advanced by Appellee are simply afterthoughts not raised in the court below. Appellee waived its right to seek summary judgment on the retaliation claims in the court below. But, even if it did not, there is no question they were not analyzed or considered by the district court. There is also no question Appellant failed to receive notice the court would dismiss the claims *sua sponte* consistent with Fed.R.Civ.P. 56(f)(2).

For these reasons, the Appellee's arguments should be squarely rejected.

## VII.  <u>CONCLUSION</u>

For the reasons set forth herein and in Appellant's opening brief, the judgment of the district court should be reversed.

Respectfully submitted,

KARPF, KARPF & CERUTTI P.C.

/s/ W. Charles Sipio
W. Charles Sipio, Esq.

*Counsel for Appellant*

Dated: November 22, 2023

## <u>CERTIFICATION OF WORD COUNT</u>

I hereby certify that while this reply brief exceeds thirty ("15") pages, the body of the brief contains 4,593 words according to Microsoft Word's "word count" feature.

/s/ W. Charles Sipio
W. Charles Sipio, Esq.

*Counsel for Appellant*

Dated: November 22, 2023

## <u>CERTIFICATION OF VIRUS CHECK</u>

I hereby certify that this filing and the accompanying appendices were scanned for viruses using Internxt virus scanning software and no such viruses were found.

<u>/s/ W. Charles Sipio</u>
W. Charles Sipio, Esq.

*Counsel for Appellant*

Dated: November 22, 2023

## **CERTIFICATION OF IDENTICAL BRIEFS**

I hereby certify that the electronically filed version of this brief is identical to those bound copies to be filed with the Clerk's Office.

/s/ W. Charles Sipio
W. Charles Sipio, Esq.

*Counsel for Appellant*

Dated: November 22, 2023

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that a true and correct copy of this brief was served upon

counsel for Appellee via this Court's CM/ECF system:

Paul S. Mazeski, Esq.
Buchanan Ingersoll & Rooney, P.C.
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219-4413

<u>/s/ W. Charles Sipio</u>
W. Charles Sipio, Esq.

*Counsel for Appellant*

Dated: November 22, 2023