

# KARPF, KARPF & CERUTTI, P.C.

ATTORNEYS AT LAW

3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
Tel: (215) 639-0801
Fax: (215) 639-4970
csipio@karpf-law.com

July 31, 2024

**VIA ECF ONLY**

Margaret A. Weingand, Circuit Executive
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

>        **RE:**    **Morgan v. Allison Crane & Rigging LLC**
>                **No. 23-1747**
>                *Letter Pursuant to Fed.R.App.P. 28(j)*

Dear Ms. Wiegand:

I am counsel for the Appellant in the above-referenced matter. I am writing pursuant to

Fed.R.App.P. 28(j) for transmittal to the panel assigned to this case. This letter does not serve to

supplement any of Appellant's arguments. The primary purpose of the rule is to bring to the Court's

attention authorities that come to light after briefing and argument, but before decision.

A panel of this Court consisting of Judges McKee, Restrepo and Rendell issued a non-

precedential opinion yesterday in Porter v. Merakey USA et al., No. 22-2986, 2024 U.S. App. LEXIS

18792 (3d Cir. July 30, 2024). In that case, this panel reversed the district court's grant of summary

judgment in a failure to hire case.

Margaret A. Weingand, Circuit Executive
July 31, 2024
Page 2 of 2

Relevant to the instant appeal, the panel in <u>Porter</u> concluded that the district court incorrectly applied an outdated definition of disability that was replaced by the ADA Amendments Act of 2008 ("ADAAA"). Perhaps most importantly, the panel also found that the district court "…overlooked the fact that discrimination claims can arise from temporary disabilities under the ADAAA." <u>Porter</u> at *4 (*citing* <u>Matthews v. Pa. Dep't of Corr.</u>, 613 F. App'x 163, 167-68 (3d Cir. 2015); <u>Shields v. Credit One Bank, N.A.</u>, 32 F.4th 1218, 1224-25 (9th Cir. 2022); 29 C.F.R. § 1630.2(j)(1)(v); 29 C.F.R. § 1630.2(j)(1)(ix)). This conclusion is aligned with some of the arguments advanced by the Appellant—namely that the court below applied an outdated version of the ADAAA's definitions.

In <u>Porter</u>, the panel also found that the plaintiff could have made out a "regarded-as" claim under the ADAAA based on the employer's perception(s) of him. For example, in <u>Porter</u> the record reflected that the employer interviewer "constantly" looked at the plaintiff's injured leg. <u>Id</u>. at *5. This led to a record wherein a reasonable jury could have concluded the employer regarded the plaintiff as disabled. <u>Id</u>. (*citing* <u>Eshelman v. Agere Sys., Inc.</u>, 554 F.3d 426, 435-36 (3d Cir. 2009)).

While non-precedential, I respectfully submit <u>Porter</u> may be persuasive and helpful. *See e.g.* <u>City of Newark v. U.S. Dep't of Labor</u>, 2 F.3d 31, 33 n.3 (3d Cir. 1993).

Respectfully submitted,

KARPF, KARPF & CERUTTI P.C.

<u>/s/ W. Charles Sipio</u>
W. Charles Sipio

WCS/

cc:    All Counsel of Record via ECF Only